### FELIX K. MISCH

*v.*

### JAMES McALPINE *et al.*

1. PRACTICE—*leave to file additional pleas.* Leave should be given to a defendant who has pleaded the general issue, to file additional pleas, where it appears that an additional plea is indispensable to enable the defendant to make a legal defense, and he has been guilty of no culpable negligence in asking for such leave.

2. AMENDMENT—*terms imposed by the court must be just and reasonable.* Under the statute, amendments are to be allowed upon such terms as are just and reasonable, in the discretion of the court; but such terms must not be so onerous as would practically amount to a deprivation of the right secured by the statute.

3. It is error to require as a part of the terms upon which an amendment may be made, that the party asking leave to amend will not ask for a continuance of the cause, when it appears that he could not submit to such terms without abandoning his defense.

4. Such terms imposed under such circumstances are unreasonable, and amount to a denial of an opportunity to make a legal defense.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Mr. W. O. ROBINSON, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case was upon a promissory note, to which defendant, in the first place, filed the general issue, together with his own affidavit of merits as to his defense. At a subsequent term, and before the cause was called for trial, defendant entered a motion, in writing, for leave to plead specially, setting up fraud in obtaining the note, that it was given without consideration, and that plaintiffs, before they received it, had notice of such fraud and want of consideration.

The affidavits of defendant and Reed, made in support of the motion, showed clearly the necessity for additional pleas, and that there had been no culpable negligence in not asking for leave at an earlier day to file them ; but the court refused to allow the motion to plead further, except upon condition defendant would not ask for a continuance of the cause. Without abandoning his defense, defendant could not submit to the terms imposed, and thereupon the court overruled the motion. A motion was subsequently made, based upon an affidavit, for a continuance of the cause, which the court overruled, and compelled the defendant to go to trial. Plaintiff recovered the amount of the note, and from that judgment defendant prosecutes this appeal.

Under the liberal provisions of the Practice Act in this State, we are of opinion the court ought to have permitted defendant to file additional pleas, and that the refusal was error. Our present statute is much more comprehensive than the former one upon this subject. It allows amendments in civil cases at any time before final judgment, "either in form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, or the defendant to make a legal defense." R. S. 1874, p. 778, sec. 24.

In this case, the affidavits in support of the motion show, it was indispensable, to enable defendant to make a legal defense, that leave should have been given to file additional pleas. His alleged defense was not available under the former plea, and unless leave was given to present others his defense would be entirely cut off.

Such amendments, however, are to be "allowed upon such terms as are just and reasonable," within the discretion of the court. But such terms, in the language of the statute, must be "just and reasonable," and not so onerous as would practically amount to a deprivation of the right secured by the statute.

The conditions imposed by the court in the case at bar, under the circumstances, were unreasonable, and, in fact, amounted to a denial of an opportunity to make a "legal defense." Had defendant agreed to abide the terms suggested, it would have deprived him of testimony necessary to his defense, and the privilege to file his pleas would have been of no benefit to him. It appears, from the affidavit of defendant in support of the motion for a continuance, that he could not, with safety, have proceeded to trial at that term of the court, on account of the absence of a witness, whose testimony was all-important to the defense proposed to be made. It is shown, defendant had omitted no reasonable effort to procure the attendance of the witness, but that he was absent from the State by the advice of a physician, on account of his health. The affidavit was full and complete, and made a clear case for a continuance of the cause. Had the court allowed the additional pleas, plaintiff could have avoided a continuance of the cause by admitting the affidavit or the testimony of the absent witness, and, if not true, disproved it by other testimony. This was his privilege under the statute, and this is the course that ought to have been adopted if plaintiffs were unwilling the cause should be continued.

There is nothing in this record that indicates any such extraordinary delay would ensue, as counsel suggests, had this cause been continued, before it would have been called again for trial. But no matter what delay might ensue, defendant was entitled to leave to file additional pleas, to enable him to make a "legal defense," and to a continuance of the cause on account of the absent witness. If the defense proposed to be made was true, plaintiffs were not entitled then, or at any other time, to a judgment against defendant, and it would be manifestly unjust that they should have it.

For the errors indicated, the judgment will be reversed, and the cause remanded, that defendant may have a new trial.

*Judgment reversed.*