# EDWIN WALKER

## v.

## THE BANK OF NORTH AMERICA.

PRACTICE—SUIT ON APPEAL BOND—AMENDING PLEAS—TERMS MAY BE IMPOSED.—Suit was brought on a bond for appeal to the Supreme Court. The bond contained the usual conditions for payment of the debt on affirmance of the judgment appealed from. The judgment was reversed in Supreme Court, but on a re-hearing was affirmed. To the suit on the bond, defendant plead *nil debit* to which a demurrer was sustained. Leave was granted defendant to file amended pleas, on condition that he prepare his amended pleas with affidavit showing a meritorious defense, and submit them to the court. Defendant then filed a plea that the judgment had been reversed, with affidavit that the plea was true. This plea was bad in that it did not traverse the allegation of plaintiff that the judgment had been affirmed, and it was not error for the court to refuse to allow such plea to be filed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WALKER & CARTER, for appellant; that the court had no right to impose terms upon the filing of amended pleas, cited Empire Fire Ins. Co. v. Real Estate Trust Co. 1 Bradwell, 391; Misch v. McAlpine, 78 Ill. 507.

Upon the construction to be given to appeal bonds: Karthaus v. Owings, 6 Har. & J. 134.

That the plea offered was sufficient: 1 Chitty's Pl. 785; Dewey v. Brown, 5 Pick. 238; Bond v. Cutter, 10 Mass. 419; Spencer v. Southwick, 9 Johns. 316; Coffee v. Lawrence et al. 2 Denio, 195; Currie v. Whitney, 2 Johns. 433; Fisher v. Ellis, 6 Greenleaf, 455; Jackson v. Rundlet, 1 Wood. & M. 381; Withers v. Greene, 9 How. 231; United States v. Bradley, 10 Pet. 343; Pendleton Co. v. Avery, 13 Wall. 297; McAllister v. Ely, 18 Ill. 250; Miller v. Blow, 68 Ill. 304; Cottrill v. Cramer et al. 40 Wis. 559.

Messrs. McCAGG, CULVER & BUTLER, for appellee; that *nil debit* was not a proper plea, cited Davis v. Burton et al. 3

Scam. 41; King v. Ramsay, 13 Ill. 619; Caldwell et al. v. Richmond, 64 Ill. 30.

That the right to plead *de novo* rests in the discretion of the court: Rich v. Hathaway, 18 Ill. 548; Clemson v. State Bank, 1 Scam. 45; Conradi et al. v. Evans et al. 2 Scam. 185; R. R. I. & St. L. R. R. Co. v. Wilcox, 66 Ill. 417; Mellish v. Richardson, 9 Bing. 126.

The court may require defendant to show that he has a meritorious defense, as terms upon allowing him to amend his pleas: White v. N. W. Stage Co. 5 Oreg. 99; Bailey v. Williams, 6 Oreg. 71; McKichan v. Follett, 87 Ill. 103; Schroer v. Wessell, 11 Chicago Legal News, 46; Freeman on Judgments, § 541; Hilliard on New Trials, 718; Moir et al. v. Hopkins et al. 21 Ill. 557.

If the pleas do not disclose a good defense, the court may refuse leave to file them: McCord v. Crooker, 83 Ill. 556; Allen et al. v. Watt, 69 Ill. 655.

A plea in confession and avoidance must give color: Stephens on Pl. 207; 1 Chitty's Pl. 525.

All traversable allegations not controverted by the pleas are considered as confessed: Simmons v. Jenkins, 76 Ill. 479; Dana v. Bryant et al. 1 Gilm. 104; The People v. Gray, 72 Ill. 343.

Every intendment is taken most strongly against the pleader: Evans v. School Com'rs, 1 Gilm. 654; Vining v. Leman, 45 Ill. 246; Claycomb v. Munger, 51 Ill. 373; Leman v. Stevenson, 36 Ill. 49.

Murphy, P. J.    The question presented is a question of practice.    It appears that Mr. Walker, representing a certain railroad company as its attorney, which was sued and judgment obtained against it, an appeal being prayed to the Supreme Court, signed the appeal bond as surety.    This appeal bond contained the usual conditions required by the statute, that is to say, in substance, that if the judgment should be affirmed by the Supreme Court, he was to pay the debt.

It seems that upon the appeal being taken to the Supreme Court, the judgment was reversed, and a mandate to that effect

was sent back to the court here, where it was tried; subsequently, upon re-hearing, a change of view was effected in the Supreme Court, and the judgment was affirmed, and that was the final decision and judgment of that court.

Suit was brought upon this appeal bond, the plaintiff alleging the affirmance by the Supreme Court of the judgment of the court below; the defendant pleaded *nil debit;* to that plea a demurrer was sustained; he then applied to the court for leave to file amended pleas; the court granted him that leave upon certain conditions, viz.: that he should prepare his amended or additional pleas and submit them to the court with an affidavit, from which the court might see that he did really have a meritorious defense. The case decided in this court at the last term: Empire Fire Ins. Co. v. Real Estate Trust Co., 1 Bradwell, 391; as also the case decided in the 78th Ill., Misch v. McAlpine, 78 Ill. 507, have been relied upon by the appellant in support of his rights in this case; we have considered them carefully, and think the case at bar differs from and is not within the purview of those decisions.

At the time at which he had leave to file these amended pleas, together with the affidavit, the appellant presented a plea that the Supreme Court had reversed the case, and filed his affidavit that the plea was true; the plea was not good in this, that it did not traverse the allegation that the judgment had been affirmed by the Supreme Court; that was the gravamen of the plaintiff's declaration.

He simply presents the allegation in his plea that the Supreme Court had reversed the case, *non constat;* that it had also affirmed it, as was the fact; the plea, therefore, was defective, and not responsive to the plaintiff's declaration in the matter of a material allegation. The court may well have said to him: "There is no object in allowing you to file this plea; a demurrer would be instantly sustained to it."

Defendant was not, therefore, allowed to plead anew; the plea offered was not accepted.

That is about the case, as it appears upon the record.

And upon that state of facts we think the court decided correctly. We think it fails to come within the ruling of this

court in the case decided at the last term, where the facts were that immediately upon the plaintiff's demurrer being sustained, the counsel for defendant was present with good pleas, ready to file them instanter; the court refused leave to file them; we decided that to be error, and we think now that it was error, but that is not the case now before us. After having asked the indulgence of the court for several days, to prepare and present pleas with his affidavit, the appellant comes into court and presents a bad plea—confessedly, manifestly bad, at first sight.

And, therefore, we think the analogy between the cases can scarcely be perceived by the most astute observer.

Defendant's plea being bad, it was simply trifling with the court to ask it to permit it to be filed; the plaintiff could again demur and repeat that sort of folly indefinitely. That is not the spirit in which justice is administered; it lacks that gravity necessary to the fair administration of justice by the court.

The Superior Court we think decided correctly in refusing the filing of the bad pleas. In the light of these facts, the judgment of the court below is affirmed.

Judgment affirmed.