## WILLIAM H. GRUBEY
### v.
## IRA M. WHITE.

*Gambling Debt—Judgment by Default—Motion to Set Aside—Sec. 135, Criminal Code.*

1.  The latter part of Sec. 135, Chap. 38, R. S., authorizing judgments based on gambling contracts to be set aside on motion, has no reference to adversary judgments. It applies only to judgments " given " by confession or by consent.

2.  A judgment by default can not, therefore, be set aside on motion under said section.

[Opinion filed August 3, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. FRANCIS A. RIDDLE and JOHN S. STEVENS, for appellant.

Mr. D. M. KIRTON, for appellee.

*Per Curiam.* Appellee recovered a judgment by default against appellant for the sum of $255 and costs of suit. Appellant moved the court to set the judgment aside, without showing any diligence or any excuse for not making his defense at the proper time, but alone upon the ground that the debt on which the judgment was based was a gambling debt, growing out of transactions and deals in "puts" and "calls" on the open board of trade.

Counsel for appellant bases his argument in favor of setting aside the judgment upon Sec. 135, of Chap. 38, R. S., which section is as follows:

"All judgments, mortgages, assurances, bonds, notes, bills, specialties, promises, covenants, agreements and other acts, deeds, securities or conveyances, given, granted, drawn or executed contrary to the provisions of this act, may be set aside and vacated by any court of equity, upon bill filed for that purpose, by the person so granting, giving, entering into or executing the same, or by his executors or administrators, or by any creditor, heir, purchaser or other person interested therein; or if a judgment, the same may be set aside on motion of any person aforesaid, on due notice thereof given."

The latter part of said section authorizing judgments to be set aside on motion has no reference to adversary judgments. Judgments "given," *i. e.*, given by confession or by consent, contrary to the provisions of the act, may be set aside on motion, but judgments taken in the regular manner, for want of a defense interposed, no collusion or consent being shown, are not "given" contrary to the provisions of the act. They are adverse judgments and though, if based on a gambling debt, they can, under this statute, be set aside by a court of equity, where there has been a neglect or failure to assert the defense at law; yet at law they are like other judgments conclusive against the party who might have, but did not interpose his defense. We are of opinion that the court below was correct in refusing to set aside the judgment, and there being no error the judgment will be affirmed.

*Judgment affirmed.*