# PORTER S. WEST
## v.
## JAMES S. CARTER.

*Action on Appeal Bond—Plea—Waiver—Practice—Default Judgment —Gambling Transaction—Sec. 135, Chap. 38, R. S.*

1. The fact that a judgment obtained by default before a Justice was based on a gambling transaction, is not available as a defense in an action on the appeal bond given on appeal from such judgment.

2. The judgments which may be set aside on motion under Sec. 135, Chap. 38, R. S., are only such as are " given " contrary to the provisions of the statute. A judgment taken by default is an adversary judgment, unless affirmatively shown to have been so taken by consent of or collusion with the defendant.

3. Where a plea raises an immaterial issue and all other issues are found for the plaintiff, he is entitled to judgment, although by replying to the plea, he has waived his right to assign the overruling of his demurrer for error.

[Opinion filed January 18, 1888.]

In error to the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Jones & Lusk, for plaintiff in error.

Mr. S. K. Dow, for defendant in error.

MORAN, P. J. This was an action on an appeal bond given to appeal a judgment rendered by a Justice of the Peace in favor of the plaintiff in error, and against the Chicago Driving Park Association. The defendant in error became surety on the bond.

The appeal was dismissed in the Circuit Court, and to the action on the appeal bond defendant in error pleaded that the judgment rendered by the Justice "was based upon a gaming transaction, to-wit, a wager upon a certain horse race and upon no other cause or thing whatsoever;" that said judgment was by default with no trial upon the merits. Plaintiff demurred to the plea, but the court overruled the demurrer and then a replication was filed. The trial was by the court. The finding and judgment was as follows:

"On this 18th day of July, A. D. 1887, this cause came on for trial before the court without a jury, the said plaintiff appearing by his attorney, D. C. Jones, and the defendant by his attorney, S. K. Dow, and the court finds all the issues for the plaintiff, except the issue on the plea filed May 11, 1887, setting up the defense of gambling, which issue the court finds in favor of the defendants, to which last mentioned finding said plaintiff excepts, and thereupon the said plaintiff moves the court for a judgment in his favor for his debt and damages as alleged in his declaration, notwithstanding the finding by the court of said last mentioned issue in favor of the defendant, which motion is by the court denied, to which decision denying said motion said plaintiff excepts, and thereupon the said plaintiff moves for a new trial of said last mentioned issue, which motion is by the court denied, to which decision denying said motion for a new trial the plaintiff excepts.

"Therefore it is considered by the court that the defendants do have, and recover of, and from the plaintiff, their costs and charges in this behalf expended and have execution therefor."

We are of opinion that the court erred in overruling the said motion and rendering judgment against plaintiff.

The plea was bad in substance and therefore presented an immaterial issue, and while the plaintiff waived his right to assign the overruling of the demurrer for error by replying to

West v. Carter.

the plea, he was entitled to judgment, all other issues being found in his favor, notwithstanding the issue on such immaterial plea was found against him. Wood v. Hynes, 1 Scam. 103; Hitchcock v. Haight, 2 Gil. 604.

The plea seeks to attack a judgment at law collaterally.

A judgment by default settles the rights of the parties to the action as fully as a judgment on a contest does. A defendant is bound, if he has an opportunity, to make a defense and fails to do it. Because by express statute the defendant in the judgment might go to a court of chancery and on proving that it was founded on a gaming transaction have it set aside, a court of law is not authorized to inquire into it collaterally or to treat it as void while it is still a subsisting judgment.

Sec. 135, Chap. 38, R. S., on which the counsel for defendant in error relies to sustain the plea, has no application to adversary judgments, except so far as it authorizes them, if based on a gambling debt, to be set aside in equity. The judgments which may be set aside on motion are those which are "given" contrary to the provisions of the statute. A judgment taken by default must be held to be adverse, unless it is affirmatively shown to have been so taken by consent of or collusion with the defendant. See Gruby v. White, 23 Ill. App. 604, in this court.

We do not find it necessary to consider the question as to whether the judgment before the Justice was based upon a wager. As the question arises on this record, it is conclusively answered by the judgment itself.

The defense of gaming was available to the defendant in that suit, but having failed to assert it the judgment is conclusive against him and the surety on his appeal bond until the judgment is set aside in the mode provided by the statute. The court erred in rendering judgment against plaintiff in error on the issue presented by the plea, and said judgment will therefore be reversed and the case remanded with directions to the Superior Court to enter judgment for the plaintiff for the penalty of the bond sued on in debt and damages for the amount of the judgment, interest thereon, etc.

*Reversed and remanded.*