Jenks v. Vandolah.

WILLIAM F. JENKS

v.

DAVID H. VANDOLAH.

*Practice—Parties—Amendment—Unreasonable Condition—Costs.*

While the conditions upon which amendments shall be allowed are within the sound discretion of the court, such conditions must be reasonable.

[Opinion filed September 21, 1888].

IN ERROR to the County Court of McLean County; the Hon. C. D. MYER, Judge, presiding.

Mr. FRANK R. HENDERSON, for plaintiff in error.

It is to avoid the defeat of justice by evasions that the statute of amendments was made, and we understand "it is a liberal" statute. Doty v. Colton, 90 Ill. 453. Its "object and effect is to do away with all formal objections to the pleadings." Drake v. Drake, 83 Ill. 528–9. The terms must be just and reasonable (Starr & C., R. S., Chap. 110, Sec. 23, p. 1787), and "must not be so onerous as would amount to a deprivation of the right secured by statute." Misch v. McAlpine, 78 Ill. 507, which case was reversed for unreasonable refusal to allow amendment, as also was Stone v. Williams, 17 Ill. App. 178–9, and "discretion" of the court reviewed. In formal amendments "it is proper not to impose terms." C. T. Coal & R. R. Co. v. Lickiss, 72 Ill. 521; McDowell v. Town, 90 Ill. 361.

The court say, where name of nominal plaintiff had been stricken out on amendment, costs should not have been taxed against him; a full discussion of this subject in this case shows the amendment statute to be intended to avoid hardship and do justice and get to a trial of the true merits of a case, and shows what amendments are allowable. When leave to make proper amendment is asked, and is refused by the court, it is an abuse of discretion for which the court reversed. Shufeldt v. Fidelity Savings Bank, 93 Ill. 598. Nor will the "doctrine of discretion in the Circuit Court" be extended. McKinstry v. Pennoyer, 1 Scam. 319.

The terms imposed were uncalled for in any view of the case unless they are in the nature of a penalty. It deprived plaintiff of the right to amend. They were impossible for him to perform.

Messrs. J. M. WEAKLY and J. E. POLLOCK, for defendant in error.

Plaintiff in error and one Parks made a contract with the defendant in error to dig a well for him at a stipulated rate per

Jenks v. Vandolah.

foot. Plaintiff in error brought suit in his own name, and on the trial, himself swore that he and Parks had taken the contract together and that it was a joint contract. Parks testified to the same thing. The plaintiff in the court below rested his case. The defendant moved the court to instruct the jury to find a verdict for the defendant. Plaintiff then asked the court for leave to amend his declaration, which was allowed upon terms of payment of two-thirds of the costs. These terms the plaintiff declined to accept and refused to proceed further with the case. Thereupon the court instructed the jury to find a verdict for defendant. That this was the proper practice in this case we have no doubt. See Bartelott v. The International Bank, 119 Ill. 259.

CONGER, J. This was an action to recover for services in digging a well. The declaration was filed in the name of the plaintiff in error, but upon the proof coming in it appeared the suit should have been brought in the joint names of plaintiff in error and one Parks.

Plaintiff in error then moved the court to amend the declaration by making Parks a joint plaintiff with himself. The court granted the motion upon condition that plaintiff in error should pay two-thirds of the accrued costs, amounting to $30. At the same time and with his motion, plaintiff in error filed his affidavit setting forth that he was a poor person, and was wholly unable to comply with the conditions imposed by the court.

Whereupon the court refused to allow the amendments, and directed the jury to find for defendant in error. While the conditions upon which amendments shall be made are within the sound discretion of the trial court, and ordinarily should not be interfered with, we think under the circumstances of this case, the conditions imposed were unreasonable, and in effect denied plaintiff in error justice. Misch v. McAlpine, 78 Ill. 507.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*