THE CHICAGO DRIVING PARK ET AL.

v.

PORTER S. WEST.

*Appeals—Bond—Action on—Practice—Pleading—Trial by Jury—Waiver of Right to — Erroneous Judgment — Correction — Gambling Transaction.*

1. Where a party desires a trial by jury, and objects to a trial by the court, it is erroneous to refuse his request; but if present by counsel, who fails to object, the right to a jury is waived.

2.  It is proper to refuse leave to file a plea, bad in substance.

3.  An adverse judgment can not be collaterally attacked in an action at law, on the ground that the action in which the judgment was rendered was based upon a gambling transaction.

[Opinion filed March 24, 1890.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

. Mr. S. K. Dow, for appellant.

Whenever a cause is remanded, not less than ten days notice must be given to the adverse party, or his attorney, before the cause can be reinstated in the court from which it was removed.    Practice Act, R. S., Ch. 110, Sec. 84; Miller v. Glass, 14 Ill. App. 177.

Even if cause had been properly reinstated in the Superior Court, the motion for judgment ought not to have been entertained in vacation.    No attempt was made to bring this case —and it could not be brought—within the general order and rules entered of record in said court on July 12, 1889.    The court had a right to adopt such rules, but, having done so, must follow them.    Rev. Stat., Ch. 37, Sec. 57; Beveridge v. Hewitt, 8 Ill. App. 467; I. C. R. R. Co. v. Haskins, 115 Ill. 300.

This suit was founded upon a gambling transaction, and any bond given must be tainted with the vice of gaming, and therefore void.    Rev. Stat., Ch. 38, Sec. 131; Tatman v. Strader, 23 Ill. 493; Parmelee v. Rogers, 26 Ill. 56; Mallett v. Butcher, 41 Ill. 382; Mosher v. Griffin, 51 Ill. 184.

The defense of gaming could be made in this suit, notwithstanding the opinion of this court, holding that defense available only in equity, and reversing and remanding the case with instructions to enter judgment for plaintiff.. West v. Carter, 21 N. E. Rep. 782; Gage v. Board of Directors, 106 Ill. 508.

This defense of gaming is a *privileged defense*, and can be made at *any* stage of proceedings, even after judgment.    Rev. Stat., Chap. 38, Sec. 135. .

The Chicago Driving Park was therefore entitled to file its special plea and to have a trial upon the issue tendered by that plea. West v. Carter, *supra*.

The Chicago Driving Park was not in default, and had not waived its right of trial by jury. It was therefore entitled to have this issue on its special plea tried by a jury. Rev. Stat., Ch. 110, Sec. 39; Const., Art. II, Sec. 5.

Even if this case had been duly reinstated in the Superior Court, and the filing of the special plea permitted, the court had no right to take the case out of its order and try it *instanter*, but it should have waited its turn till reached in the regular call of cases for trial, unless good and sufficient cause were shown. Rev. Stat., Ch. 110, Sec. 17; Nelson v. Akeson, 1 Ill. App. 165; Booth v. Storrs, 54 Ill. 472; Fisher v. Nat. Bank of Commerce, 73 Ill. 34; Griswold v. Shaw, 79 Ill. 449.

Messrs. JONES & LUSK, for appellee.

MORAN, J. This case was here before, under the title of West v. Carter, on appeal from a judgment adverse to the present appellee, in a suit on the bond which constitutes the cause of action. The judgment of the Superior Court was reversed on the appeal, and the case is reported in 25 Ill. App. 245. The judgment of this court remanded the case, with directions to the Superior Court to enter judgment for the plaintiff, the appellee here, for the penalty of the bond sued on, in debt and damages for the amount of the judgment entered thereon, etc.

Such direction was given inadvertently by this court. The case being at law, no directions should have been given, and if the appellee in that appeal had called the attention of this court to such improper part of the judgment, during the term at which it was entered, it would have been our duty to have corrected the judgment in that respect, and to have modified the opinion.

The case was, after being remanded, redocketed in the Superior Court, and a notice given by the appellee of a motion that judgment be entered in accordance with the directions

Chicago Driving Park v. West.

of this court.   On the day set to hear the motion, the Superior Court took up the case, and, as it appears from the record, a trial was in fact had before the court.   The appeal bond sued on was regularly introduced in evidence; also the transcript of the justice, showing the amount of the judgment rendered before him, and a witness was sworn and testified to the amount of interest accrued, and from this evidence the court \found the amount of the debt and damages and entered the proper judgment.

Though the parties may have supposed that the direction of this court was being followed, what in fact was done was to proceed with a trial before the court without a jury, and appellant's bill of exceptions shows every step taken which is ordinarily taken on such a trial, and has preserved the evidence introduced, with all the objections entered.   If appellant desired a trial by jury and had objected to the trial by the court, it would have been error to have denied him a jury; but as he was present by his counsel, and failed to interpose any object tion of that kind, he waived his right to have the · case submitted to a jury.   Phillips v. Hood, 85 Ill. 450.   The refusal of the court to allow the appellant to file the plea offered is assigned as error.   The plea was bad, in substance, and the court was therefore right in denying leave to file it.   We adhere to the opinion in West v. Carter, *supra*, that an adverse judgment can not be collaterally attacked in an action at law, on the ground that the action in which the judgment was rendered was based upon a gambling transaction.   We do not agree with counsel that the Supreme Court have announced a different doctrine in West v. Carter, 129 Ill. 249.   That case simply holds the doctrine, before announced, that such a judgment may be set aside in equity.

There is nothing in counsel's contention that the court could not take the case up in vacation.   It is not shown that there was any order adjourning the term.   And by the law a term commences on the first Monday of each month.   There is no error shown in this record which is available to appellant to reverse the judgment, and the same must therefore be affirmed.

*Judgment affirmed.*