# Henry V. Bemis

v.

# Robert J. Horner et al.

*Negotiable Instruments—Note—Practice.*

1. While a defendant may plead as many matters of fact in several pleas as he may deem necessary for his defense, as a matter of right, he must put in all his pleas at one time.

2. The discretion of a court to permit or refuse additional pleas, where justice requires them, is not an arbitrary one.

3. Pleas properly struck out in case presented.

4. Although proof of fraud or illegality in the making or original circulation of a note, will cast upon the holder the burden of proving that he is such for value, this is a rule of evidence only, and not of pleading.

5. Such holder will be presumed to be a *bona fide* holder without notice in the absence of proof to the contrary, and under the statute of this State, his right can only be challenged by specia. plea. Notice after receipt of the note cuts no figure.

[Opinion filed May 2, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Messrs. S. K. Dow and Josiah Burnham, for appellant.

Messrs. Meyer & Collman and Louis Karcher, for appellees.

Gary, J. The appellees sued the appellant upon a promissory note:

"Chicago, June 2, 1891.

$5,000.

Four months after date, I promise to pay to the order of James W. Miller, Esq., five thousand dollars at the First National Bank. Value received.

H. V. Bemis."

Indorsed:

"James W. Miller."

November 2, 1891, Bemis filed his plea of non assumpsit,
with an affidavit that he believed that he had a good defense
upon the merits to the whole demand, and on the 13th of
the same month obtained leave of the court to file special
pleas within five days thereafter. None were filed until the
19th, when four pleas were filed alleging in effect that the
note was made and left in the hands of one Mitkiewict for
a special purpose, never accomplished, and one of them
avers that Miller stole the note. Each plea alleges that of
the premises the plaintiff had notice, but does not say when,
except that one of them says "then and there," and no
time or place had been before mentioned in the plea.
November 21, 1891, the plaintiff moved the court to strike
out the pleas because they were not filed in time, and read
affidavits that in effect stated that Bemis had acknowledged
to the affiants that he had no defense, but could delay the
collection of the notes. The court struck out the pleas, and
two days later Bemis moved the court to vacate that order
and by his affidavit denied the versions given by those
affiants of his conversations with them; asserted that "the
note was fraudulently negotiated, and was fraudulently
diverted from the purpose for which it was made," and that
by the depositions of certain witnesses named he expected
that he would "be able to substantiate the essential facts
alleged in the special pleas."

This motion the court denied, and upon a trial there was
a verdict for the plaintiff upon which judgment was en-
tered. "The defendant may plead as many matters of fact,
in several pleas, as he may deem necessary for his defense;"
Sec. 29, Chap. 110, Practice; but as a matter of right, he must
put in all his pleas at one time. Bensley v. Brockway, 27
Ill. App. 410; Lincoln v. McLaughlin, 74 Ill. 11; Millikin
v. Jones, 77 Ill. 372; Hulbert v. Comstock, 11 Gray, 14.

Yet the discretion of the court to permit or refuse addi-
tional pleas, where justice requires them, is not an arbitrary
one. Misch v. McAlpine, 78 Ill. 507. The court committed
no error in striking out pleas which, not being filed within
the leave, were filed without leave, upon such a showing as

was made of the lack of any defense.   As to the motion to vacate that order, which if it had been granted would have left the pleas on file, it should be treated as a motion on the 19th, to file the pleas, ought to be treated.

Now, not criticising the affidavit of Bemis for its generality and lack of any statement of circumstances, the pleas themselves were bad.   The plaintiffs are presumed, until the contrary is shown, to be *bona fide* holders, without notice, etc.   1 Dan. Neg. Instruments, Sec. 812.   Under our statute their right can be challenged only by special pleas. Sec. 9, Chap. 98.   None of the pleas allege that the plaintiffs had notice of anything when they took the note. Notice afterward cuts no figure.   Such allegations were necessary to make the pleas good.   Bramah v. Roberts, 1 Scott, 350; S. C., 1 Bing. N. C. 467; 27 E. C. L. 724; Uther v. Rich, 10 Adolph. & E. 784; 37 E. C. L. 411; Lewis v. Bailey, 1 A. & E. (N. S.) 349; 41 E. C. L. 572; Goodman v. Simonds, 20 How. (U. S.) 343–367; Bailey v. Bidwell, 13 Mee. & Wel. 73; Harvey v. Towers, 6 Exch. 656.

And though proof of fraud, illegality, etc., in the making or original circulation of a note, will cast upon the holder the burden of showing that he is such for value, etc., (1 Dan. Neg. Ins., Sec. 815,) yet this is a rule of evidence only, and not of pleading, as the Supreme Court of Indiana regarded it in First National Bank v. Ruhl, 122 Ind. 279. The pleas being bad the court would not err in refusing leave to file them.   Chicago Driving Park v. West, 35 Ill. App. 496.

If in fact the appellant has a meritorious defense to this note, it is greatly to be regretted that he is cut off from making it; but we can only determine whether any error of the court has deprived him of any right, and finding no error the judgment is affirmed.

*Judgment affirmed.*