## The Northwestern Mutual Life Insurance Company v. Mary E. Richardson.

1. AMENDMENT—*power of court to grant or refuse.* It is within the sound judicial discretion of the judge to grant or deny leave to amend, but any abuse of discretion in denying an amendment will furnish ground for reversal.

2. AMENDMENT—*when leave to make, should be granted.* An application for leave to file an additional plea made before a cause has been reached for trial and before any considerable time has elapsed within which such application might have been made, should be allowed where the allowance of such leave would not unduly prejudice the opposite party and is indispensable to the presentation of the defense.

Action of *assumpsit*. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

BROWN, WHEELER, BROWN & HAY, for appellant.

McCARL & FEIGENSPAN and VANDEVENTER & WOODS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This appeal presents for review the action of the Circuit Court of Adams county denying the motion of appellant for leave to file its plea of the general issue, verified.

On October 7, 1905, a summons issued out of the Circuit Court of Adams county, returnable October 23, 1905, in the suit of the appellee against appellant, a corporation of the State of Wisconsin, to recover the amount of two policies of insurance upon the life of James H. Richardson, Jr., in which policies appellee was named as beneficiary. Appellee filed her declaration October 13, 1905. October 14, 1905, appellant retained counsel to conduct its defense, and on October 23, following, appellant filed its plea of the general issue. November 4, 1905, the cause was set down for trial on the 14th of that month. On November 8, 1905, appellant filed its motion for leave to file an additional verified plea of the general issue, to which was appended a notice, or stipulation, as follows:

"The plaintiff is hereby notified that under the foregoing plea it will not be necessary for the plaintiff to introduce any evidence to establish or prove the signing by the defendant of either of the policies of insurance declared on, but by said plea, the defendant seeks to put in issue the delivery by the defendant to James H. Richardson, Jr., the assured, of each of said policies of insurance as and for consummated and binding contracts of life insurance."

The court denied the motion, and thereafter, on November 13, appellant moved to amend its plea of the general issue by adding a verification thereto, and in support of such motion filed the affidavit of one of its counsel. The court took the motion under advisement and announced that he would pass upon it during the trial of the cause. The cause came on trial on November 14, and after the examination of certain witnesses, the court announced his decision denying the motion, and thereupon the cause proceeded to a verdict and judgment against appellant for $10,000.

A motion for leave to file additional pleas is addressed to the sound discretion of the court, but the discretion to be exercised must be judicial and not personal, or arbitrary. The policy of the statute allowing amendments is, "that neither party to an action shall be deprived of a substantial right through defects or omissions in pleadings, if they will use reasonable diligence to avoid that result by applying to the court for leave to amend, or supply the omission." Bemis v. Homer, 145 Ill. 567. The statute is to be liberally, not strictly, construed and applied. Misch v. McAlpine, 78 Ill. 507.

It had been uniformly held that after a cause has gone to trial, a defendant applying for leave to file an additional plea, should support his motion by showing a reasonable excuse for not having sooner presented his defense. City of Chicago v. Cook, 204 Ill. 373. But where such application is made before the cause has been reached for trial, and no considerable time has elapsed within which such application might have been made, and it does not appear that the opposite party will be unduly prejudiced by granting the application, the application should be granted, almost as a matter of right.

The plea of the general issue, verified, sought to be interposed by appellant in this case was indispen-

sable to its legal defense (Bailey v. Valley Nat'l Bank, 127 Ill. 332; Helbig v. Citizens' Ins. Co., 120 Ill. App. 58), and the refusal of the court to permit appellant to file the same, was an abuse of discretion which demands that the judgment be reversed and the cause remanded.

*Reversed and remanded.*