**Reed Manufacturing Company, Appellee, v. John M. Foley, Appellant.**

**Gen. No. 17,860.**

MUNICIPAL COURT—*affidavit of merits.* Where defendant in a municipal court case files a verified plea that plaintiff is a foreign corporation doing business in this state without a license, and such issue is found against him, he should be permitted to file an amended affidavit of merits showing that he is not indebted to plaintiff.

Reed Mfg. Co. v. Foley, 178 Ill. App. 72.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate court at the October term, 1911. Reversed and remanded. Opinion filed March 6, 1913.

E. H. ARNOLD, for appellant; A. N. WATERMAN, of counsel.

JESSE G. HENDERSON and KAI P. HAMMER, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Appellee, plaintiff below, commenced an action of the first class in the Municipal Court of Chicago against appellant, defendant below, to recover the value of certain merchandise which it claimed had been sold and delivered to defendant at the latter's request. Following rule 15 of said court, plaintiff, in lieu of a declaration, filed a statement of claim, supported by affidavit, claiming that there was due it from defendant the sum of $1,189.51. The defendant filed a verified plea in which he alleged, in substance, that plaintiff was a foreign corporation for profit and had not complied with the provisions of the statutes of this state regulating the admission of such corporations to do business in this state, and that therefore plaintiff could not maintain the action. Subsequently, on motion of the defendant, the court granted him leave to file an "amended affidavit of merits" *instanter,* and he filed an "amended plea," verified by affidavit, setting forth in different language substantially the same defense as in the former plea, namely, that plaintiff was a foreign corporation, etc., and could not maintain its action.

It appears from the bill of exceptions that when the cause was called for trial before the court without a jury, the attorneys for both parties stated that they were ready for trial; that plaintiff's attorney then

stated that as defendant had not filed an affidavit of merits alleging that he had a good defense on the merits to the whole of plaintiff's claim the claim was admitted, and that the burden of proving the facts set up in defendant's amended plea as a defense to the action was on the defendant; that defendant's attorney then stated that he had supposed at the time he filed the plea and the amended plea, and until a few minutes ago, that, if on the trial of the issue made by defendant's amended plea the court should find against the defendant on that issue, defendant would then be allowed to file an amended affidavit of merits and that a trial of the case would then be had on the merits as to the amount due, if anything, to plaintiff; that the court ruled that any and all defenses must be set out in the affidavit of merits and all issues tried at the same time; that defendant's attorney then stated that defendant had a complete defense on the merits to the whole of plaintiff's claim, and moved the court that defendant be allowed to file an amended affidavit of merits to that effect; that the court overruled defendant's motion and ordered that the cause proceed to trial immediately, and ruled that the one issue to be tried was the issue presented by defendant's amended plea, and that the burden of proof as to that issue was on the defendant, and that, if defendant failed to make a *prima facie* case under said amended plea, plaintiff would be entitled to a judgment for the amount as stated in its affidavit of claim; that thereupon it was stipulated that "plaintiff was and is a foreign corporation organized for profit, is not a railroad company, nor in the insurance, banking or money loaning business,   *   *   *   that plaintiff has not conformed with the requirements of the statute of this state for foreign corporations doing business in this state, and that the sole issue to be tried   *   *   *   is whether or not plaintiff   *   *   *   has been doing business in this state in violation of said statute;" that thereupon the defendant and a witness named Dowling testified, and certain documentary evidence was introduced on be-

half of defendant; that the court, on motion of plaintiff, held that defendant had not made out a sufficient *prima facie* case that plaintiff had been "doing business" in this state in violation of the statute and found the issues for the plaintiff and assessed plaintiff's damages at said sum of $1,189.51, and subsequently entered judgment upon the finding.

It is urged by counsel for the defendant that the court erred (1) in holding that defendant had not shown, *prima facie,* that plaintiff had been doing business in this state in violation of the statute, and (2) in refusing to allow defendant to file an amended affidavit of merits and to introduce evidence in support of his contention that he was not indebted to plaintiff in any sum whatsoever.

After a careful examination of the record and the briefs and arguments of the respective counsel, we have reached the conclusion that the judgment in this case should be reversed and the cause remanded for a new trial. We refrain therefore from a discussion of the evidence introduced by defendant in support of the allegations contained in his amended plea. Suffice it to say that we are of the opinion that the court was not warranted in holding that plaintiff had not been doing business in this state in violation of the statute. The evidence offered by the defendant disclosed certain facts which, uncontradicted, tended to support the allegations of defendant's plea.

We are also of the opinion that under the circumstances the trial court erred in refusing to allow defendant to file an amended affidavit of merits, as requested by defendant, and in refusing to give defendant an opportunity of showing, if he could, that he was not indebted to plaintiff. Misch v. McAlpine, 78 Ill. 507; Bemis v. Homer, 145 Ill. 567; Merchants' Nat. Ins. Co. v. Pearce, 84 Ill. App. 255; Northwestern Mut. Life Ins. Co. v. Richardson, 130 Ill. App. 205.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*