JAMES H. ORNE

*v.*

ISAAC COOK.

1. · PLEADING — PRACTICE — *striking pleading from files.* If a plea is insufficient in form or substance, the only mode of taking advantage of the defect is by demurrer ; it is improper, in such case, to strike the plea from the files.

2. JURY *must decide facts* — COURTS *decide the law.* It would be improper to strike out a plea because it was not supported by the proofs in the case. The court may inform the jury what facts must be proved to sustain the issue, but cannot determine whether such facts have been established ; that is the province of the jury.[*]

3. STATUTE OF FRAUDS — *what is a writing.* A party desiring to purchase goods, wrote a letter to his merchant, stating the terms upon which he wished to buy, and offering a certain person as the indorser of his notes ; on the back of this letter, the party offered as indorser wrote a note accepting the terms mentioned in the letter, and signed his name to it. The goods were furnished on the faith of the promise to indorse. *Held,* that the acceptance of the terms of the letter written on the back of it, was a sufficient writing within the statute of frauds, to bind the party who thus promised to become indorser.

4. SECONDARY EVIDENCE — *lost instruments.* And where it appears that such letter and the indorsement thus made upon it, have been destroyed by fire, it is competent to prove their contents and execution by parol.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE MANIERRE, Judge, presiding.

Orne, the plaintiff in error, claims the existence of this state of facts : that Cook, the defendant, being the owner of the Young America Hotel, in Chicago, leased the house, in the fall of 1854, to Hulme & White, who, desiring to furnish the house for hotel purposes, and not having the means or the credit to enable them to do so themselves, obtained the promise of Cook, their lessor, to give them the use of his name for the purpose indicated.

Soon after obtaining this promise from Cook, Hulme & White visited Philadelphia for the purpose of making their purchases, and while there, applied to Orne, the plaintiff, who was a dealer in carpets, etc., and to Mr. George Henkle, who was a furniture dealer, for credit upon such purchases as they might make from them respectively — proposing to give their own notes, without security, for one-third, at six

---

[*] NOTE BY THE REPORTER. As to the power of the court to decide whether the proof in a cause sustains the declaration, upon motion to instruct the jury as in case of a non-suit, or to find for the defendant, see *Felt* v. *Williams,* 1 Scam. 206 ; *Owens et al.* v. *Derby,* 2 Scam. 26 ; *Gillham* v. *State Bank,* ib. 250 ; *Amos* v. *Sinnott,* 4 Scam. 447 ; *Phelps* v. *Jenkins,* ib. 51 ; *The People* v. *Browne,* 3 Gilm. 88 ; *Tefft* v. *Ashbaugh,* 13 Ill. 602.

months; and for the residue, their notes at twelve and eighteen months, with interest after six months, indorsed by Cook.

This proposition was taken under consideration by Orne and Henkle, the latter, in the meantime, visiting Chicago to ascertain the sufficiency of the proposed security; and being satisfied on that subject, he returned to Philadelphia, and after conferring with Orne, Mr. Henkle, with his approbation, wrote to Hulme & White, at Chicago, stating that he and Orne would furnish the hotel upon the terms proposed, specifying what those terms were. Upon this letter being shown to Cook, in Chicago, he expressed his satisfaction with the terms mentioned, and Hulme & White thereupon wrote to Mr. Henkle to that effect; Cook adding a postscript to their letter, stating that he accepted the terms, and signed it.

That letter and the postscript were mailed to Henkle, who, upon receiving them, showed them to Orne. Henkle's establishment having been destroyed by fire, in the meantime, he did not send any furniture; but Orne shipped the goods which Hulme & White had purchased from him, to the amount of about $2,560, on the faith of Cook's promise to indorse their paper according to the terms mentioned. Cook refused to indorse as he had agreed; Hulme & White became insolvent, and Orne instituted an action of *assumpsit* in the court below against Cook, upon his agreement to indorse the two notes of Hulme & White, which were to have been given at twelve and eighteen months.

Cook pleaded to this action, *first*, the general issue, and *second*, the statute of frauds: that the plaintiff had brought his action for the default, debt and miscarriage of Hulme & White, and for no other cause, and that the supposed promises and undertakings of the defendant in the declaration specified, were not, and are not, in writing, nor was any note or memorandum thereof made, as required by the statute.

The plaintiff replied to the second plea, that the action was not brought for the debt, default or miscarriage of Hulme & White, in manner or form, etc.

The issues being formed, a jury was empanneled; and after the evidence was closed, the plaintiff, by his counsel, moved the court to strike out the issue tendered by, and made upon, the defendant's second plea, being a plea of the statute of frauds, on the ground that said issue was immaterial, inasmuch as the promise and agreement of the defendant, declared on and established by the evidence, was an original, and not a collateral one, and therefore not embraced in the statute of frauds; which motion was overruled by the court, and exception taken.

A verdict was returned for the defendant. The plaintiff moved for a new trial, which was denied, and a judgment entered in pursuance of the verdict of the jury.

The plaintiff below thereupon sued out this writ of error, and the questions are presented, *first,* whether the Circuit Court erred in refusing to strike the plea of the statute of frauds from the files; and *second,* whether the verdict of the jury was so manifestly contrary to the evidence, that a new trial should have been granted.

The evidence sufficiently appears from the opinion of the court.

Messrs. McALLISTER, JEWETT & JACKSON, for the plaintiff in error.

Mr. W. T. BURGESS, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court.

There was no error in refusing to strike the plea of the statute of frauds from the files. If it was insufficient in substance and form, the only means of taking advantage of the defect was by demurrer. If it was sufficient as a plea, it was for the jury, and not the court, to determine whether it was sustained by the evidence. If the court, after the evidence was all heard, were to assume the right to strike out a plea because it was not sustained by the proof, the right of the jury to try issues of fact would be violated, and trial by jury

thus terminated. This has never been indulged, and cannot be, as long as trial by jury obtains. The court has the right to inform the jury what facts must be proved to sustain the issue, but not to determine whether such facts have been established, and if the court thinks they have not, to take the issue from the jury by striking out the pleadings.

The next question is, whether the finding of the jury is so manifestly against the evidence, that the verdict should be set aside, and a new trial awarded. Hulme and Henkle both testify, that plaintiff would not have parted with the goods, if defendant had not first agreed to indorse the notes at twelve and eighteen months. Before the goods were purchased, defendant was seen, and he agreed if the goods were furnished, he would indorse for Hulme and White, to enable them to furnish the hotel. Hulme testifies, that he wrote out a proposition, stating the terms upon which he and White were willing to purchase. The proposition was, that they were to give their notes, due in six, twelve and eighteen months, the two last to bear interest after six months, and defendant to indorse the twelve and eighteen months notes. That when these propositions were handed to defendant, he indorsed on it a note, by which he accepted the terms, and signed it. These propositions were sent to Henkle.

The witness Henkle, testifies, that he received such a letter, and showed it to plaintiff, but says he never saw defendant write. He however, says, that he supposes he had frequently seen defendant's name signed to bank notes. Now Hulme testifies, that defendant made the indorsement on the letter and signed it, and that he sent it by mail to Henkle, who testifies, that he received a letter, the same in all particulars. Can it be doubted that this was the same, or that there is proof that defendant signed the letter received by Henkle, and upon which plaintiff furnished the goods? This identified the letter, stating the terms accepted or agreed to by defendant, as fully as proof could be made, unless the letter could have been produced. But having been destroyed by fire, it could not be produced on the trial, and proof of its

contents and execution had to be made without its production. This we think has been satisfactorily done, and fully answers the statute even if it was a collateral undertaking.

The evidence did not warrant the finding of the jury, and the court below erred in refusing to grant a new trial, and the judgment is reversed.

*Judgment reversed.*