# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1874.

## Lucius A. Lincoln

*v.*

## Hannah E. McLaughlin.

1. PRACTICE — *leave to file additional pleas is discretionary with the court.* It is purely discretionary with the court, whether to allow a defendant to file an additional plea or not, after he has pleaded in bar to an action, unless it be a plea *puis darrein continuance,* and it is not only no error for a court to refuse such leave after a jury has been impaneled to try the cause, but it would be almost an abuse of discretion to grant it.

2. PLEADING — *de injuria sufficient replication to plea of justification in trespass.* In an action by a married woman for trespass to her separate property, against an officer who levied upon it as the property of her husband, and justifies under his writ, averring that the property belonged to the husband, a replication *de injuria* is sufficient.

3. PLEADING AND EVIDENCE — *abuse of authority cannot be shown under replication de injuria.* Where a plea of justification to an action of trespass sets up that the supposed trespass was committed under and by virtue of an execution against one who owned an interest in the goods taken, if the defendant in execution had in fact no interest in the goods, a replication *de*

*injuria* is sufficient, but if he had some interest and the plaintiff desires to rely upon an abuse of authority in making the levy, he should reply specially setting up such abuse.

4. Where a defendant, in an action of trespass for levying on goods, justifies under an execution against the husband of plaintiff, alleging that he owned the goods or an interest in them, if the plaintiff replies *de injuria*, she takes the hazard of proving title to the goods wholly in her self, and if she does so she must recover.

5. MARRIED WOMAN. A husband out of debt, or when it does not injure existing creditors, may settle property on his wife, either by having it conveyed directly to her, or to another in trust for her, and subsequent creditors cannot reach it, and money realized from the sale of such property will be hers.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the appellant.

Messrs. SACKETT & BENNETT, and Mr. C. L. SHELDON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The first objection urged is, that the court erred in refusing appellant leave to file an additional plea after the jury were impaneled to try the cause. It has always been regarded as purely discretionary with the judge, after a defendant has pleaded in bar to an action, to file additional pleas, unless it be a plea *puis darrein continuance.* As a general rule a defendant has ample time to prepare his pleadings before the commencement of the term. But in this case not only so, but there had been a trial, the verdict set aside, and leave given to defendant to file additional pleas, which he had done. Thus it is seen he had the entire vacation to prepare such pleas. When a trial had been had developing all the facts of the case — thus having several months to prepare pleas that attorneys usually require but a few hours to do — it

would almost have been an abuse of discretion for the court at that stage of the proceedings to have delayed the case, the business of the court, occasioning expense in that and other causes, and inconvenience to other parties, witnesses and jurors, when the plea would only have presented a defense already made, and when we can see that no right would have been protected.

It is next urged that when appellant pleaded a justification and appellee replied *de injuria*, to be able to show an abuse of authority appellee should have new assigned and relied upon the abuse of authority as constituting a trespass *ab initio*.

Chitty, in his work on Pleadings, p. 671, lays down the rule thus: "There are some pleas which rather partake of the nature of new assignments than are properly and strictly so. As, where the defendant abused authority or license which the law gives him, by which he became a trespasser *ab initio*. In an action brought for a trespass thus committed, when the defendant pleads the license as authority, the plaintiff may reply the abuse. Such a replication, it will be observed, differs from a new assignment, because it does not operate in any manner as a waiver or abandonment of the trespass attempted to be justified, but states matter in confession and avoidance of the justification." And there is the further difference that the pleadings all relate to one and the same trespass.

There is nothing in this case which requires such a replication. The question presented was, whether appellant wrongfully, and as a trespasser, levied on appellee's property to pay the debt of her husband. If the property was hers, then he became a trespasser, and liable for all damage she sustained thereby. If it was her separate property, and the jury, we think, have rightfully so found, the officer had no more right to seize it than he had that of any other stranger to the execution. We also find that there is, in our opinion, no evidence tending to prove that the husband and wife were joint owners of the property, to justify a levy, upon which to predicate an

abuse of authority by selling the wife's interest, as well as that of the husband. Had there been such evidence, then it may probably be true that the abuse of the authority should have been specially replied. The party, by failing to so reply, took the hazard of proving title in appellee, and has rightfully succeeded, and hence such a replication is wholly unnecessary to sustain the verdict.

In this case there was no claim or pretense that there was not means of appellee appropriated to the purchase and improvement of the lot, and that a large portion thereof was derived from other persons than her husband. It appears that the amount thus furnished was more than equal to the value of the property in controversy. If witnesses are to be believed, and they, so far as we can see, stand unimpeached, she received money from her father and brothers, that was applied to the purchase of the lot and materials, and that they did much the greater part of the work on the building. A small portion only of the labor was paid for by the husband. And even if he did perform labor on the house, and paid some small bills for labor, and even if a portion of the earnings of the wife, to which the husband was entitled, were thus appropriated, still this was done, so far as we can see, when the husband owed nothing, and before he owed the execution creditors any thing.

In the case of *McLaurie* v. *Partlow*, 53 Ill. 340, it was held, that where a wife's money purchased property which was conveyed to the husband, who afterward conveyed it, his wife joining in the deed, to a third person, in trust for the wife, it was held the wife could hold the property. And this, too, although a portion of the money was so received from his father's estate before, and part after the passage of the act of 1861, enabling married women to hold separate property. It was there held, that in such a case she would be protected under the act of 1861, so far as concerned that received after the adoption of the act by force of its provisions, and as to all previous to that time, it would, under such circumstances, be tried upon the broad principles of equity and justice. It was

again held in *Haines* v. *Haines*, 54 Ill. 74, that where a husband purchased land with his own money, and without fraud procured it to be conveyed to his wife, it thereby became as much her separate property as if it had been purchased with money belonging to her before marriage; that on its sale the purchase money received by her therefor will be regarded as her separate property. Nor would she lose the legal right to it or its avails, by placing it in the hands of her husband for the purpose of building her a house.

But it is said that was a divorce case, and only involved rights as between the husband and wife. The doctrine has been long recognized and is undisputed, that a husband out of debt, or when it does not injure existing creditors, may settle property on his wife, either by having it conveyed directly to her, or to another to hold in trust for her, and subsequent creditors cannot reach it. So in this case, if the husband was not in debt, and even by his labor purchased the lot and had it conveyed to his wife, the lot became hers, and all the improvements made upon it, with his and her means, also vested in her. And property or money received on its being sold, would be hers. Then nothing appearing to show the husband was indebted when the lot was purchased and improved, no reason is perceived why appellee did not hold the lot by an absolute title as her separate property, and when sold, why the consideration paid for the lot was not hers.

But it is said the description in the deed is so defective that the conveyance was void. This, we think, is a clear misapprehension. It is said that the survey will not close on the last call. It calls for a line of a certain course to the place of beginning. This court has held so often, that we can hardly expect to be called on to repeat it, that both course and distance must yield to monuments placed, or natural objects when adopted as corners. And it is so plain that we need but state the proposition, that to close the survey it is only necessary to run from the last preceding corner to the place of beginning to close the call. That is the object to which the surveyor is

required to run, without reference to the course or distance, unless a deflected line is called for and coincides with a line to that corner. We do not see the semblance of an objection to the validity of the deed.

But even if the deed was defective, we fail to see that it could matter, as appellee, at any rate, had an equitable title, and when that was given for the property in controversy it manifestly formed a sufficient consideration given by her for this property, to vest the title in appellee, as her sole and separate property. So that, in any view the case can be presented, the evidence clearly shows this was appellee's separate property. And it is so manifest that we are not willing to disturb the verdict, although there may be slight inaccuracies in one or two of the instructions. Justice has been manifestly done by the finding of the jury, and the judgment of the court below must be affirmed.

*Judgment affirmed.*