# H. V. BEMIS

*v.*

# R. J. HOMER *et al.*

*Filed at Ottawa, March 31, 1893.*

1. PLEADING—*failure of consideration as against assignee—notice of defense.* A plea to an action brought upon a promissory note by the assignee before due, alleged that the note was executed by the defendant and placed in the hands of a third party, to be used by him in the purchase of certain shares of stock for defendant, and was never intended to be and never was delivered to the payee, but was wrongfully obtained by him from said third person, and was never applied as intended, or in any manner for the benefit of the defendant, averring generally that plaintiffs had notice of the premises, but failed to state that they had such notice at or before the time the note was assigned to them: *Held,* that in respect to the allegation as to notice the plea was defective.

2. SAME—*striking pleas from the files.* The fact that a plea is defective is no ground for striking the same from the files. It is only ground of demurrer.

3. SAME—*amendment to avoid defects.* It is the duty of courts to reasonably exercise their power to allow amendments of the pleadings. It is the policy of our statute relating to amendments, that parties shall not be deprived of any substantial right through defects or omissions in pleadings, if they will use reasonable diligence to avoid the result by applying to the court for leave to amend or supply the omission.

4. PRACTICE—*leave to file further pleas.* When the defendant has once availed himself of the right to plead, by filing the general issue, he can only file other pleas by leave of the court. When the defense set up is not available under the general issue, and there is no unreasonable delay in asking leave to file special pleas so as to present the defense, it will be error to refuse leave to file such pleas.

5. SAME—*extension of time for filing pleas.* When leave is given the defendant to file special pleas within a given time, and his counsel is prevented from filing the same on the last day allowed, by reason of the clerk's office being closed, it would be unreasonable to refuse leave to file his pleas on the morning of the next day.

6. A defendant obtained leave to file special pleas setting up a defense, by the 18th of the month. On that day his counsel was engaged in trying another suit until 5 o'clock, P. M., at which hour the office of the clerk of the court was closed. On the morning of the 19th defendant's counsel appeared in court and stated these facts, and asked leave to file his pleas as of the 18th, which the court allowed to be

done in the absence of plaintiff's counsel. Afterward, on motion of plaintiff, based on affidavits, the court, in the absence of defendant's attorney, struck the several pleas from the files: *Held*, that it was error to strike from the files the pleas so filed by leave of court.

7. The fact that an order is given for leave to file pleas as of the preceding day, without notice to opposing counsel, is no ground for striking them from the files. That fact will entitle the plaintiff to come in afterward and show, if he can, that the order should not have been made.

8. SAME—*as to leave to file pleas—when plea must accompany the motion for leave.* When a defendant is in default and asks the court to allow him to file certain pleas, he will be required to present with his motion good pleas. This rule does not apply where general leave to plead is given. If pleas filed thereunder are defective, the defect can be reached only by demurrer.

9. SAME—*affidavits on motion to strike pleas from the files.* Affidavits showing that a defendant has no valid defense to·an action, and is only seeking for delay, are not admissible on plaintiff's motion to strike defendant's pleas from the files. The defendant has the right to a trial by jury as to the controverted facts.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook County; the Hon. THEO. BRENTANO, Judge, presiding.

Mr. S. K. DOW and Mr. JOSIAH BURNHAM, for the appellant:

It was error to strike appellant's pleas from the files. *Mc Veigh* v. *U. S.*, 11 Wall. 259, 269; *Windsor* v. *Mc Veigh*, 93 U. S. 274; *Castle* v. *Judson*, 17 Ill. 381; *Wilburn* v. *Blackstone*, 41 Ill. 269; *Misch* v. *McAlpine*, 78 Ill. 507.

Under a rule to plead by a day fixed, it is sufficient to plead after the day so fixed, if it is done before default is asked. *Lambert* v. *Hyers*, 27 Ill. App. 400; see, also, *Missouri River Tel. Co.* v. *First Nat. Bank*, 74 Ill. 217; *Beardsley* v. *Gosting*, 86 id. 86; *Harrison* v. *Nollette*, 79 id. 482; *Hays* v. *Loomis*, 84 id. 18; *McCormack* v. *Wells*, 83 id. 239; *Smith* v. *Bateman*, 79 id. 531; *Miller* v. *Blow*, 68 id. 304.

The court has no right to prejudge a case upon the plaintiff's affidavit that the defense is for delay; nor to question the good faith of the defendant's affidavit of merits regularly filed.

When these two pleas were so filed by the direction of the judge himself in the open court, we had a plea of general issue, with affidavit of merits and two special pleas regularly filed, and the only way to lawfully dispose of those pleas was to try an issue of law or fact upon them. If they were defective, the question could only be raised by demurrer.   *Felsenthal* v. *Durand*, 86 Ill. 230.

Messrs. MEYER & COLEMAN and Mr. LOUIS KARCHER, for the appellees.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellees brought their action in assumpsit, in the Superior Court of Cook county, on a $5,000 promissory note, alleged to have been executed by the defendant, payable to one James W. Miller, and by him duly assigned to them before maturity.   They had judgment for $5,035.83, and costs of suit, which has been affirmed by the Appellate Court.

The only question here is, did the trial court err in ordering certain special pleas of appellant stricken from the files. The facts material to the decision of that question, as shown by the record, are as follows : Plaintiffs filed with their declaration an affidavit of merits, and the defendant in due time filed his plea of the general issue, and his affidavit that he had a meritorious defense to plaintiffs' entire cause of action. This being the status of the case on the 13th of November, 1891, the defendant obtained leave of the court to file special pleas within five days from that date.   No pleas were filed within the time limited, which expired on the 18th, but the bill of exceptions shows that on the morning of the 19th, at the opening of court, one of defendant's attorneys appeared, and presented two pleas, marked 3d and 4th

special pleas, and "stated to the court that he was engaged in the trial of a case on the previous day, until about five o'clock P. M., at which hour the office of the clerk of said court was closed, and for that reason he was unable to file the special pleas in said cause on said November 18th, and asked the court for leave to file said pleas as of November 18th, and the court then directed the clerk to mark the said pleas filed November 18th, which the clerk then and there did, as directed by the court." This order it is stated was made in the absence of and without notice to the attorneys of plaintiffs.

Two other special pleas, marked 1st and 2d, were also filed on the 19th, but no leave to do so was asked or given. On the 21st, plaintiffs' counsel entered their motion to strike all of said special pleas from the files, and in support of their motion filed their own affidavits, to the effect that, in conversations with the defendant, he admitted his liability on said note, and made statements tending to show that his pleas were being filed for delay merely, and not in good faith. There is nothing whatever in these affidavits, or else-where in the record, tending in the slightest degree to contradict the statement of defendant's attorney, upon which the court allowed him to file said 3d and 4th pleas as of the 18th. The court, however, sustained the motion, and ordered said 3d and 4th, as well as the 1st and 2d, special pleas stricken from the files of the case. This order was made in the absence of attorneys for the defendant, and on the 23d they appeared, and moved the court to set it aside, and allow them to take depositions to support said pleas; but their motion was overruled, and they duly excepted. This last motion was accompanied by the affidavit of the defendant, denying that he had admitted to the attorneys of the plaintiffs that he had no meritorious defense to said note or that his defense was being made for delay only.

The case was then tried, the only plea being that of the general issue.

The defense set up by each of the pleas stricken out was, in substance, that said promissory note was executed by the defendant and placed in the hands of a third party, to be used by him in the purchase of certain shares of stock for defendant, and was never intended to be and never was delivered to the payee, Miller, but was wrongfully obtained by him from said third person, and was never applied as intended, nor in any manner for the benefit of the defendant.

They aver generally, that the plaintiffs had notice of the premises, but fail to state that they had such notice at or before the time the note was assigned to them, and in that respect at least they were defective.

It is clear, that after the defendant had availed himself of the right to plead by filing the general issue, he could only file other pleas by leave of the court. *Lincoln* v. *Lamphier*, 74 Ill. 11; *Millikin* v. *Jones*, 77 id. 372.

But, in this case, he was very properly given that leave. The defense which he sought to set up to the action was not available under the general issue, and there was no unreasonable delay in asking the leave. To have refused it would have been unreasonable, and reversible error. *Misch* v. *McAlpine*, 78 Ill. 507.

We are also of the opinion that the order made on the morning of the 19th, allowing the 3rd and 4th pleas to be filed as of the 18th, was but the reasonable exercise of the discretionary power of the court to extend the time for filing pleas. To hold that an attorney who fails to get pleas on file within a given time, because of the absence of the clerk from his office, and who afterwards, at the first opportunity, makes application to the court for leave to file them, should be denied that right, would be most unreasonable. Here there is nothing tending to show that the plaintiffs were in any way injured by the extension of the time given on the 19th. The fact that the order was made without notice to opposing counsel, and in their absence, entitled

them to come in afterward and show, if they could, that the order should not have been made; but there is nothing in this record to show that the exercise of the court's discretion in making the order depended upon their presence, or notice to them. Under the facts disclosed by the bill of exceptions in this record, the 3d and 4th special pleas of the defendant were on file by permission of the court, as much so as though they had been filed in fact on the 18th, within the first leave given.

They were filed by order of the court. How can it be said then that they were not lawfully on file? It is not claimed that they were improper pleas to the action. It is true, they were defective, but that was no ground for striking them from the files. *Orne* v. *Cook*, 31 Ill. 238.

Doubtless, if the defendant had been in the attitude of asking the court to allow him to file certain pleas, as seems to have been understood by the Appellate Court, he would have been required to present with his motion good pleas; but that was not his position as to the 3d and 4th pleas. If he had filed them on the 18th, they would have been demurrable, but the court would have had the power to allow them amended, and it would have been its duty to reasonably exercise that power. It is the policy of our statute, allowing amendments, that neither party to an action shall be deprived of a substantial right through defects or omissions in pleadings, if they will use reasonable diligence to avoid that result, by applying to the court for leave to amend, or supply the omission. *Misch* v. *McAlpine et al.*, *supra*.

From a recital in one of the orders striking these pleas from the files, it would seem that it was based upon the affidavits of the attorneys for plaintiffs, showing that the defendant had no valid defense to the action, and was only seeking delay. It need scarcely be said that an issue of that kind can not be tried by affidavits, on a motion to strike pleas from the files. If it could, the defendant would be liable to be compelled to submit his case to the court for trial without a jury.

Our conclusion on the whole record is, that the Superior Court erred in striking appellant's 3d and 4th pleas from the files, and for that error its judgment should have been reversed by the Appellate Court. The judgment of the latter court will, therefore, be reversed, and the case will be remanded to the Superior Court.  *Judgment reversed.*