[No. 1328.   Decided June 13, 1894.]

WILKESON COAL AND COKE COMPANY, *Appellant*, v.
ARTHUR DRIVER, *et ux.*, *Respondents*.

INJUNCTION — TRESPASS UPON LAND — PLEADING — PRACTICE.

The complaint in an action to enjoin the commission of trespasses upon land is defective, when the trespasses are pleaded in general allegations only.

Injunction will not lie to restrain defendant from conducting the saloon business adjacent to plaintiff's place of business, and in which a number of men were employed, whose sobriety was necessary in order to secure the best results from plaintiff's business.

Where all parties voluntarily submit a matter in controversy to the equity side of the court, the fact that the plaintiff has an adequate remedy at law cannot be raised by motion to dismiss upon the trial of the cause.

The objection that the complaint does not state facts sufficient to constitute a cause of action cannot be taken by a motion to dismiss, but can only be raised by a demurrer or by an objection to the admission of evidence.

In an action to enjoin trespasses upon certain land, the title to which lay in dispute between plaintiff and defendants, and in which

action a temporary injunction had been granted plaintiff, until the determination of an action it was about to institute to try the title to the land, the fact that plaintiff merely tendered an issue in an action brought by defendants against plaintiff, involving the same subject matter, instead of commencing the action itself, will not justify the dismissal of the injunction suit on the ground that plaintiff was chargeable with laches in failing to comply with the order of the court.

*Appeal from Superior Court, Pierce County.*

*Ashton & Chapman*, and *Remington & Reynolds*, for appellant:

The objection, that the complaint does not state facts sufficient to constitute a cause of action, cannot be taken by motion to dismiss; and the court erred in sustaining the motion to dismiss, even if the objection properly made might have been well taken. *Cline v. Cline*, 3 Or. 355; *Morton v. Sweetser*, 12 Allen, 134; *Fettretch v. McKay*, 47 N. Y. 427; *Walter v. Fowler*, 85 N. Y. 621.

It is well settled that a suit in equity will not be dismissed on the ground that the plaintiff has an adequate remedy at law, when the objection is taken for the first time at the trial. *Baron v. Korn*, 27 N. E. 804; *Grandin v. LeRoy*, 2 Paige Ch. 509; *Wiswall v. Hall*, 3 Paige Ch. 313; *LeRoy v. Platt*, 4 Paige Ch. 77; *Cox v. James*, 45 N. Y. 557; *Town of Mentz v. Cook*, 108 N. Y. 504; *Wheelock v. Noonan*, 108 N. Y. 179; *Creely v. Bay State Brick Co.*, 103 Mass. 514.

Where a trespass is a continual one, constantly adding to the injury, the legal remedy is inadequate, because the jury cannot fix the time when the injury is complete, and because it would require a multiplicity of suits to redress the wrong. *Smithers v. Fitch*, 22 Pac. 935; *Ladd v. Osborne*, 44 N. W. 235; *Tautlinger v. Sullivan*, 45 N. W. 765; *Shimer v. Morris Canal*, 27 N. J. Eq. 364; *Wheelock v. Noonan*, 108 N. Y. 179; *Wilson v. Hill*, 19 Atl. 1097.

A trespass will be enjoined if committed by one who is pecuniarily irresponsible, because in such cases the legal remedy, though theoretically perfect, is practically fruitless. *Lyon v. Hunt*, 11 Ala. 295; *Spear v. Cutter*, 5 Barb. 486; *Hicks v. Compton*, 18 Cal. 206; *Wilson v. Hill*, 19 Atl. 1097; *Winnipissiogee Lake Co. v. Worster*, 29 N. H. 433.

An injunction to restrain trespass will be granted where, under the special circumstances of the case, the particular act complained of will cause mischief or injury for which plaintiff has no full and adequate remedy at law. *Watson v. Sutherland*, 5 Wall. 74; *Musch v. Burkhart*, 12 L. R. A. 484; *Cœur d'Alene Mining Co. v. Miners' Union*, 51 Fed. 260 (19 L. R. A. 382); *Trustees v. Hœssli*, 13 Wis. 348; *Clayton v. Shoemaker*, 9 Atl. 635; *Mulvy v. Norton*, 3 N. E. 581; *Preston v. Preston*, 2 S. W. 501; *Zabel v. Harshman*, 36 N. W. 71; *Bolton v. McShane*, 25 N. W. 135; *Chicago, etc., R. R. Co. v. Porter*, 34 N. W. 286; *Wilson v. Hill*, 19 Atl. 1097; *Wheelock v. Noonan*, 108 N. Y. 179; *Baron v. Korn*, 27 N. E. 804; *State, ex rel. Rhodes, v. Saunders*, 18 L. R. A. 646; *Mt. Vernon First National Bank v. Sarlls*, 13 L. R. A. 481.

*John P. Judson*, for respondents:

It is a fundamental principle that courts of equity never interfere to restrain or prohibit a trespass unless plaintiff's title has been established by legal adjudication, and it must appear that the injury complained of is irreparable in its nature. High. Inj., § 460; *Van Wert v. Webster*, 31 Ohio St. 420. General averments of irreparable mischief are not sufficient; but the facts making it so must be stated. High. Inj., § 461. The complaint is barren of any facts showing, or even tending to show, that defendants are in any way injuring the land or doing any act which could impair its future enjoyment. In such a case equity never

interferes. *Gause v. Perkins*, 3 Jones Eq. 177; *Schurmeier v. St. Paul, etc., R. R. Co.*, 8 Minn. 113; *Jerome v. Ross*, 7 Johns. Ch. 315; *Washburn v. Miller*, 117 Mass. 376.

Defendants added to the value of the land by erecting buildings thereon; the injury was the naked trespass, no damage being done to property. Under such circumstances an injunction could not issue. *Nicodemus v. Nicodemus*, 41 Md. 529; *Thorn v. Sweeney*, 12 Nev. 251. Insolvency does not justify an injunction where the acts charged consist of a simple trespass. Some injury to property must be shown. *Heilman v. Union, etc., Co.*, 37 Pa. St. 100; High. Inj., § 21.

The opinion of the court was delivered by

SCOTT, J. — This was a suit in equity. Plaintiff alleged that it was the owner of a certain piece of land described in the complaint, and that the defendants had repeatedly trespassed thereon and had induced other persons to commit trespasses thereon, and were continuing so to do, thereby depriving the plaintiff of all use thereof; and that the defendants and such other persons so continually trespassing upon said premises were each of them insolvent, and a judgment against them would be uncollectible; that it would be a great hardship for the plaintiff to be compelled to bring numerous separate actions against said trespassers, and that plaintiff had no adequate remedy at law. Plaintiff further alleged that it owned and operated extensive coal mines adjacent to the land aforesaid, and had erected at great expense its offices, stores, supply houses and a great number of dwelling houses for its employés in the immediate vicinity thereof; and that, in order to secure the best results in its business, and to receive the reasonable value of the services of its employés, sobriety and abstinence from the use of intoxicating liquors among said employés was a primary requisite, and it was neces-

sary therefor to put and keep its said employés beyond the reach of temptation to use intoxicating liquors, and that there were none such then in the vicinity, but that the defendants were then erecting a building upon the land described in the complaint wherein the defendant, Arthur Driver, intended to start and maintain a saloon; that conducting a saloon thereon would occasion great and irreparable injury to the plaintiff and greatly lessen the value of its property, and injure its business, etc.; and that the defendants threaten to hold possession of said land by force and to maintain a saloon thereon during the pendency of any suits that might be brought against them to eject them from said premises. The complaint contained a prayer for an injunction against the defendants preventing them from committing any trespass upon the premises aforesaid, and from completing said building, and also for a restraining order during the pendency of the suit; and contained a prayer for general relief.

Notice was served upon the defendants to show cause why a restraining order should not be issued, and a hearing was had thereon before the court on the second day of February, 1892. Whereupon the court, first reciting the appearance of the parties and the hearing of evidence in relation to the issuance of a restraining order, and that as it appeared "that the plaintiff was engaged in the institution of proceedings against the defendants for the purpose of trying the title to and ascertaining the boundaries of the land upon which the acts and doings sought to be restrained were being committed," ordered that, until the final trial and disposition of such action and until the final hearing of the case pending, the said defendants and each of them, and all and every person claiming by, through or under them, should be enjoined and restrained from committing any act of trespass upon the premises described in the complaint, and particularly from completing the build-

ing aforesaid in process of erection.   To this complaint defendants interposed an answer and cross complaint, denying the plaintiff's title to the land described in the complaint and alleging title in themselves.

At the time this action was commenced and order granted, it is conceded that no suit had been instituted by the plaintiff to determine the title to the land in controversy, and that the reference to such proceedings in the order aforesaid was to a suit which the plaintiff was then contemplating and preparing to bring.   Before the same was instituted, and on the 17th day of March following the granting of the order, the defendants herein instituted an. action in equity against the plaintiff in this action, alleging that they and the defendant company were adjoining proprietors of certain real estate, and that the land in controversy in the former action was a strip adjoining the boundary or dividing line of said lands, and that each of said parties claimed to own the same in consequence of a controversy as to where the dividing line was or should be located; and the plaintiffs prayed that the court should order the boundaries between said lands to be established and properly marked, and also for general relief.   The defendant company answered, denying that the boundary line was located as claimed by the plaintiffs, and alleged that it was so located as to make the lands in controversy a part of the lands and premises owned and claimed by them.

In the foregoing we have only sought to give a general description of the matters alleged in the pleadings in said actions in order that the nature thereof might be indicated. On the 2d day of November, 1892, said actions were called up for trial, and the parties announced themselves ready for trial.   Whereupon the defendants herein moved the court to dismiss this action on the ground that the complaint "does not state facts sufficient to entitle said plaintiff to any relief in this court;" to which the plaintiff objected,

and objected to further proceeding with said action until the other action had been tried to determine the title to the property in controversy. Whereupon the defendants herein, the plaintiffs in said other action, moved to dismiss the same at their cost; to which the defendant company objected, and offered to make any amendments to their answer in said action which might be deemed necessary in order to make such action suitable to establish the boundaries and try and determine the title to the premises in dispute, and announced themselves as ready to proceed and try the title to said premises. It was conceded that the company had not brought any action to try the title to said lands, but it offered to show that it had relied in good faith upon the action brought by Driver and wife therefor. The court overruled said objections and allowed Driver and wife to discontinue the suit brought by them, which they did. Whereupon the court also granted the motion aforesaid of defendants, Driver and wife, to dismiss this action, and the plaintiff appealed.

In granting said motion the court made the following order:

"This cause coming on to be heard, upon the motion of the defendant to dismiss this cause, upon the ground that the pleadings do not show or state facts sufficient to constitute a cause of action, or to authorize the court to grant any relief to plaintiff.

"And it appearing to the court that in the order granting the preliminary injunction it was ordered that the temporary injunction remain in force till the plaintiff should bring an action to fix the boundaries and determine the title to the premises on which the alleged trespasses were committed, and until said action should be determined, and the court now finds that no such action has been brought by said plaintiff and no proceeding has been commenced to determine said boundaries to try said title, except an action No. 6956 in this court, and commenced by defendant in which the plaintiff made answer, and a so-

called counterclaim, which said action has been dismissed on the motion of plaintiff, the defendant herein, and which action this court finds was not suitable to determine said boundaries or to try said title.

"And the court now being fully advised in the premises, sustains said motion.

"Wherefore, by reason of the law and the premises, it is considered and adjudged by the court, that plaintiff's cause be and the same is dismissed without prejudice, and the defendants have and recover of and from the plaintiff their costs and disbursements herein, taxed at ——— dollars, and that execution issue therefor.

"To which ruling of the court plaintiff excepts, exceptions are allowed, and thereupon plaintiff gives notice of appeal to the supreme court of the State of Washington.

"And plaintiff specially excepts to the second paragraph of this decree, which sets forth that the court finds that no action has been begun to determine the boundaries of the premises on which the trespasses were committed, on the ground that no such evidence was offered or admitted in this cause. Exception allowed."

It appears thereby that the court dismissed the action upon a different ground than the one set up in the motion, but as the respondents contend that the motion should have been granted also because the complaint did not state a cause of action, and because the plaintiff had an adequate remedy at law, it will be necessary to consider these matters as well. We are of the opinion that the complaint was open to objections properly taken. The trespasses complained of, with the exception of the erection of the building in controversy, were not specifically set forth, the same only being pleaded in very general allegations; and a motion to correct the pleading in this particular and to make the same more definite and certain would doubtless have been granted. The cause of action set up with reference to the purpose of the defendants to start and maintain the saloon business in question was not sufficient to entitle them to an injunction, in our opinion, under the

authority of *Northern Pacific R. R. Co. v. Whalen*, 149 U. S. 157 (13 Sup. Ct. 822); but we are of the opinion that the complaint did state a cause of action, though the same was defective in form, and it is not essential to inquire at this time whether it was of equitable cognizance, for all parties had voluntarily submitted the matters in controversy to the consideration of the equity side of the court, and the question whether the plaintiff had an adequate remedy at law could not be raised at that time by the motion.

It is contended by appellant that the objection that the complaint does not state facts sufficient to constitute a cause of action cannot be taken by a motion to dismiss; that such point can only be raised by a demurrer to the complaint or by an objection to the admission of evidence; and we are of the opinion that this point is well taken. It is specially provided as a ground of demurrer by the statute, and the fact that the complaint was defective in form was no ground for dismissing the action. If it did not state facts sufficient to constitute a cause of action and was demurred to upon that ground, the plaintiff would have had a right to amend, and if the matters set up were not well pleaded and a motion to make the complaint more definite and certain had been made and sustained, the same result would have followed.

Nor do we think the action of the court in dismissing the suit can be sustained upon the ground specified in the order. It is contended by the respondents that the action brought by them was brought under § 668, Code Proc., and that the facts set up were insufficient to enable them to maintain the action thereunder, and that they were justified in dismissing the same. But this position is not tenable, in our opinion. The defendant company had raised no such question, but had in good faith tendered an issue to determine the ownership of the land in contro-

versy, in the action which Driver and wife had themselves instituted for that purpose shortly after the granting of the restraining order in the former suit. And conceding their right to dismiss said action, the plaintiff herein should have been given an opportunity to commence an action for such purpose, and the dismissal of this cause should at least have been conditioned upon its failure to do so.

Under the circumstances we think the appellant was excused from bringing the action it contemplated bringing when the restraining order was obtained, and had a right to rely upon the action brought by the respondents for a like purpose, and consequently were not chargeable with any neglect or failure of duty in the premises. This being so, the order dismissing the action is not sustainable, and the judgment of the court must be reversed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., not sitting.