### KELLY v. ERNEST.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. PLEADING—MOTION TO MAKE MORE DEFINITE.
   Where, in an action on an account stated, defendant, in addition to a general denial, alleged, as a further defense and counterclaim, a contract by which plaintiff was to do certain work for defendant for $425, and that, in addition to the payments admitted by plaintiff, defendant paid to plaintiff the sum of $190, to induce him to finish the work, which he failed to do, to defendant's damage, etc., these allegations were sufficiently definite, without stating whether the alleged payment was made under the contract or for what other purpose.

2. SAME—MOTION TO STRIKE.
   The sufficiency of a fact pleaded as a defense should be raised by demurrer or on the trial, and not by a motion to strike out.

Appeal from special term.

Action by Sydenham Kelly against Caroline J. Ernest. From an order requiring defendant to make the answer more definite and certain, and to strike therefrom irrelevant matter, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

James W. Hyde, for appellant.
James H. Marsh, for respondent.

INGRAHAM, J. We think that this order should be reversed. The complaint is upon an account stated. The answer denies each and every allegation of the complaint; and, as a separate and further defense and as a counterclaim, alleges the making of a contract between the plaintiff and the defendant, whereby the plaintiff was to do·certain work for the defendant for the sum of $425; that, in addition to the amount admitted by the plaintiff to have been received from the defendant, the defendant paid him the sum of $190 in order to induce the plaintiff to finish the work; and that the plaintiff, notwithstanding the receipt of the amount of money, has failed to complete the work, to defendant's damage in the sum of $150, for which the defendant demands

judgment. This paragraph of the answer alleges the payment of $190 as a sum of money in addition to that required by the contract, but as a voluntary payment to induce the plaintiff to continue his work and to perform his contract. The order appealed from requires it to be made more definite and certain by stating whether the alleged payment of $190 was made on account of the work done under the contract or for what other purpose. The paragraph alleges that it was made to induce the plaintiff to continue the work, although not required to be made by the contract, and is just what the order directs it to be. It appears to be as definite as possible, as a payment to the plaintiff, not made under the contract, but as an additional payment for the work to be done, voluntary in its nature. Nor should the court have stricken out the third defense. It is not alleged that the facts are not true. The sufficiency of a fact pleaded as a defense should be raised by demurrer, or upon the trial, and not by a motion to strike out.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to abide event. All concur.