SYDENHAM KELLY, Respondent, *v.* CAROLINE J. ERNEST, Appellant.

*Counterclaim — when it states, with sufficient certainty, the purpose of a payment —
the sufficiency of facts should be raised by demurrer, not by motion.*

In an action upon an account stated, in which the defendant interposes a general denial to the complaint, and also alleges, by way of counterclaim, that after he had made a contract with the plaintiff for the performance of certain work for a fixed sum, he paid the plaintiff a certain sum, in addition to that of which the plaintiff admitted the receipt, to induce him to perform the work which he subsequently failed to perform, to the damage of the defendant, the answer sufficiently states the purpose of the payment and its voluntary character, and an order requiring the defendant to make his answer more definite and certain by stating whether the alleged payment was made on account of the work done under the contract or for what other purpose, is improperly granted.

The sufficiency of facts, pleaded as a defense, should be raised by demurrer or upon the trial, and not by a motion to strike out the defense.

APPEAL by the defendant, Caroline J. Ernest, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1897, as resettled by an order entered in said clerk's office on the 2d day of December, 1897, requiring the defendant to make the answer more definite and certain, and to strike therefrom irrelevant matter.

*James W. Hyde*, for the appellant.

*James H. Marsh*, for the respondent.

INGRAHAM, J.:

We think that this order should be reversed. The complaint is upon an account stated. The answer denies each and every allegation of the complaint, and as a separate and further defense, and as a counterclaim, alleges the making of a contract between the plaintiff and the defendant, whereby the plaintiff was to do certain work for the defendant for the sum of $425; that in addition to the amount admitted by the plaintiff to have been received from the defendant, the defendant paid him the sum of $190 in order to induce the plaintiff to finish the work, and that the plaintiff, notwithstanding the receipt of the amount of money, has failed to complete the work,

to defendant's damage in the sum of $150, for which the defendant demands judgment.

This paragraph of the answer alleges the payment of $190 as a sum of money in addition to that required by the contract, and as a voluntary payment to induce the plaintiff to continue his work and to perform his contract. The order appealed from requires it to be made more definite and certain by stating whether the alleged payment of $190 was made on account of the work done under the contract, or for what other purpose. The paragraph alleges that it was made to induce the plaintiff to continue the work, although not required to be made by the contract, and is just what the order directs it to be. It appears to be as definite as possible, as a payment to the plaintiff, not made under the contract, but as an additional payment for the work to be done, voluntary in its nature.

Nor should the court have stricken out the 3d defense. It is not alleged that the facts are not true. The sufficiency of a fact pleaded as a defense should be raised by demurrer or upon the trial, and not by a motion to strike out.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs to abide event.

VAN BRUNT, P. J., BARRETT, PATTERSON and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs to abide event.