### WILLIAM RIPLEY

*v.*

### WILLIAM LEVERENZ.

*Opinion filed December 18, 1899—Rehearing denied February 8, 1900.*

1. AMENDMENTS—*it is the policy of the statute to permit amendments to save substantial rights.* It is the policy of the statute permitting amendments that neither party shall be deprived of a substantial right through defects or omissions in pleadings if he is diligent in applying to the court for leave to amend.

2. SAME—*when court should permit withdrawal of plea puis darrein continuance.* In an action by a minor for negligence, where a demurrer has been sustained to a plea *puis darrein continuance* setting up a release, the court should allow defendant's motion, made at the earliest possible moment, for leave to withdraw the plea *puis* and file or re-file the general issue.

*Ripley* v. *Leverenz*, 83 Ill. App. 603, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

M. B. & F. S. LOOMIS, for appellant.

PAM, CALHOUN & GLENNON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Appellate Court affirmed a judgment of the superior court of Cook county in favor of appellee, who was the plaintiff, and against the appellant, in a suit brought

for a personal injury. The first count of the declaration charged that the defendant carelessly and negligently drove his team of horses attached to his carriage in which he was riding upon the public streets, against the plaintiff and injured him. The second count alleged that the defendant willfully, wantonly and maliciously drove said team against the plaintiff and thereby injured him. Plea of the general issue was filed, and at a subsequent term a plea *puis darrein continuance,* setting up that since the last continuance the plaintiff had by his certain written acquittance released and acquitted the defendant of and from all claims and demands on account of the cause of action mentioned in the declaration. The plaintiff demurred to this plea. The plaintiff was an infant and sued by his next friend, and the declaration alleged that he was under the age of fourteen years, and the alleged defect in the plea was, that as the record showed that the plaintiff was an infant he was incapable of binding himself by the contract of release set up in the plea. The court announced that the demurrer would be sustained, and thereupon, before the order sustaining the demurrer was entered, the defendant moved the court for leave to withdraw said plea and to reinstate the plea of the general issue theretofore filed, but the court denied the motion and entered the order sustaining the demurrer, and the defendant then moved the court for leave to file a new plea of the general issue *instanter,* but this motion was also overruled and an order entered for the assessment of the plaintiff's damages, and a jury was empaneled for that purpose. At the request of the plaintiff the court gave to the jury this instruction:

"The course of pleading is such that the defendant cannot dispute his liability for some damages, but how much is a question for the jury, upon the evidence."

The jury assessed the damages at $2750, and after overruling defendant's motion for a new trial the court rendered judgment on the verdict.

The Appellate Court did not consider that damages assessed were excessive, and we are precluded from considering that question so far as the weight of the evidence is concerned; but we are of the opinion that erroneous rulings of the court contributed to the verdict rendered and that the judgment ought to be reversed.

It is a rule of common law pleading, and recognized by the decisions and practice in this State, that "a plea *puis darrein continuance* supersedes all other pleas and defenses in the cause, and, by operation of law, the previous pleas are stricken from the record, and the cause of action is admitted to the same extent as if no other defense had been urged than that contained in this plea. Everything is confessed except the matter contested by the plea *puis.*" *Angus* v. *Chicago Trust and Savings Bank,* 170 Ill. 298.

Under this rule, when the demurrer was sustained to the plea *puis* the cause of action stood practically confessed and the defendant could make no defense except to the amount of damages, and so the jury were instructed that the defendant could not dispute his liability for *some* damages. But what sufficient reason was there for refusing leave to the defendant to amend his pleadings?—for his motion amounted substantially to that. We shall not consider the question, which counsel on both sides have argued at great length, whether the demurrer was properly sustained or not, nor whether the alleged discharge might not have been given in evidence under the general issue, (*City of Chicago* v. *Babcock,* 143 Ill. 358,) for the reason that the defendant did not stand by his plea but waived the question by asking leave to withdraw it and to file another. The first section of the statute in relation to amendments provides "that the court in which an action is pending shall have power to permit amendments in any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time be-

fore judgment rendered therein." And the twenty-third section of the Practice act provides, that "at any time before final judgment in a civil suit, amendments may be allowed on such terms as are just and reasonable, * * * and in any matter, either in form or substance, in any process, pleading or proceeding which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense." And in *Bemis* v. *Homer,* 145 Ill. 567, we said: "It is the policy of our statute allowing amendments that neither party to an action shall be deprived of a substantial right through defects or omissions in pleadings, if they will use reasonable diligence to avoid that result, by applying to the court for leave to amend or supply the omission." Instead of asking leave to amend the plea *puis,* as the defendant might have done, he asked leave, at the earliest moment when the court announced that he considered it insufficient, to withdraw it and to reinstate the plea of the general issue. This motion should have been allowed, with or without terms, as the court, in the exercise of a sound discretion, might determine. By so doing the defendant would have been enabled, using the language of the statute, "to make a legal defense," and would not have been "deprived of a substantial right through defects or omissions in pleadings." The technical rule that the general issue was waived by the plea *puis* should not have been permitted to operate, at that stage of the case, to deprive the defendant of the right to make his defense, when its effect could have been obviated by the allowance of his motion to withdraw the plea and re-file or file another plea of the general issue.

The judgments of the Appellate and superior courts are each reversed, and the cause is remanded to the superior court for further proceedings not inconsistent with the views we have expressed.

*Reversed and remanded.*