[No. 14625. Department Two. September 24, 1918.]

## G. G. HUNTER, *Appellant*, v. N. S. BERRIDGE *et al.*, *Respondents.*[1]

OFFICERS—ACTION ON BOND—LEAVE TO SUE — PLEADING — WAIVER. Under Rem. Code, § 960, providing that, in an action on an official bond by a plaintiff other than the state, the defendant on motion shall be entitled to judgment of nonsuit if it does not appear from the complaint that leave to sue was first obtained, the objection is properly taken by demurrer, which answers the purpose of a motion, and is not waived by pleading over, after exceptions taken.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered July 10, 1917, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, dismissing an action upon an official bond. Affirmed.

*E. C. Dailey*, for appellant.

*Cassius E. Gates* and *Louis A. Merrick*, for respondents.

MOUNT, J.—This appeal is from a judgment of nonsuit entered after the verdict of a jury. The action was brought upon the official bond of N. S. Berridge, as constable in Arlington precinct, Snohomish county, to recover the value of certain property alleged to have been wrongfully levied upon and sold upon execution issued out of a justice of the peace court in a case to which the plaintiff in this action was not a party. The complaint did not show that leave to maintain the action had been granted by the trial court. The defendants, being the principal and sureties upon the official bond, filed a demurrer to the complaint. This demurrer was overruled and an exception taken. The defendants then answered by general denial and an

[1]Reported in 175 Pac. 165.

affirmative defense, to the effect that the property was in fact the property of the judgment debtor. Upon issues so made, the case was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff. The defendants then moved the court for judgment notwithstanding the verdict. This motion was granted and the court entered an order of nonsuit. The plaintiff has appealed.

The statute, at Rem. Code, § 960, provides as follows:

"Before an action can be commenced by a plaintiff, other than the state, or the municipal or public corporation named in the bond, leave shall be obtained of the court, or judge thereof, where the action is triable. Such leave shall be granted upon the production of a certified copy of the bond, and an affidavit of the plaintiff, or some person in his behalf, showing the delinquency. But if the matter set forth in his affidavit be such that, if true, the party applying would clearly not be entitled to recover in the action, the leave shall not be granted. If it does not appear from the complaint that the leave herein provided for has been granted, the defendant, on motion, shall be entitled to judgment of nonsuit; if it does, the defendant may controvert the allegation, and if the issue be found in his favor, the judgment shall be given accordingly."

This statute states:

"If it does not appear from the complaint that the leave herein provided for has been granted, the defendant, on motion, shall be entitled to judgment of nonsuit;  .  .  ."

This fact did not appear, and, of course, the respondents were entitled to a judgment of nonsuit. Appellant argues that, by filing a demurrer and not a motion, the respondents waived their right to a nonsuit. Appellant relies upon *Nye v. Kelly,* 19 Wash. 73, 52 Pac. 528. In that case there was no demurrer to the

complaint and no motion for a nonsuit. That case holds that the question must be promptly made, and comes too late after issue joined and the empaneling of a jury. Here the question was promptly raised by demurrer. The demurrer answered the purpose of a motion. *Wilkeson Coal & Coke Co. v. Driver,* 9 Wash. 177, 37 Pac. 307. Pleading over after demurrer did not waive the objection. *West v. Martin,* 47 Wash. 417, 92 Pac. 334; *Benjamin v. Ernst,* 83 Wash. 59, 145 Pac. 79. The court should have sustained the demurrer and granted the nonsuit before the case was tried.

The order appealed from is therefore affirmed.

MAIN, C. J., HOLCOMB, CHADWICK, and MACKINTOSH, JJ., concur.