SLATE, Respondent, v. EASTMAN et al, Appellants.

(191 N. W. 450.)

(File No. 5103.  Opinion filed December 30, 1922.)

1.  **Set-off and Counterclaim—Actions—Bills and Notes—Pleading— Answer—Torts—Defendants Could Not Plead Plaintiff's Application for a Receiver of His Business as a Counterclaim in Action on Note.**

    In an action on a note, the defendants could not interpose as a counterclaim a cause of action for plaintiff's attempt to have a receiver appointed to take over defendants' assets and apply them on . the payment of the note, since if defendants had a cause of action by reason thereof, it was based on a tort,  ·  and could not be pleaded as a counterclaim in an action based on a contract.

2.  **Pleading—Bills and Notes—Answer—Counterclaim—Striking of Answer on Ground That it Was a Sham Held Not Error.**

    In an action on a note in which the answer alleged that plaintiff had agreed to extend time for payment if defendant would pay the interest due at maturity, one year's interest in advance, and procure a responsible party to sign the note, and that defendant tendered interest at maturity and responsible signer, but did not allege that defendant evinced good faith by depositing the interest or that defendant even tendered the year's interest in advance, and interposed a counterclaim based on an attempt by plaintiff to have a receiver appointed to take over defendant's business, the action of court in striking out the answer containing such defense and counterclaim on the ground that it was a sham and interposed for the purpose of delay held not error; the answer failing to show that defendant had complied with conditions requiring plaintiff to extend note.

    Smith, J., dissenting.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

Action by Charles F. Slate against Gerald R. Eastman and another, in which the defendants filed a counterclaim.    Judgment for plaintiff, and defendants appeal.    Affirmed.

*Caster & Cassidy,* of Lake Andes, for Appellants.

*A. B. Beck,* of Geddes, for Respondent.

(1)   To point one of the opinion, Respondent cited : · Haeven v. Morley, 36 S. D. 421, 155 N. W. 191; Tuthill v. Sherman, 32 S. D. 103, 142 N. W. 257; Schmidt v. Bickenbach (Minn.), 12 N. W. 349; Nolle v. Thompson, 3 Met. (Ky.) 121; First Natl. Bank v. Hasie, 57 Kan. 784, 48 Pac. 22.

(2)  To point two, Appellant cited:  Worrell v. Forsyth, 30 N. E. 676; V. M. C. v. Wood, 90 Me. 516, 43 L. R. A. 449; Rothchild et al v. Title Guaranty and Trust Co., 204 N. Y. 458, 41 L. R. A. (N. S.) 740; Sec. 780, Rev. Code; Fransen v. Regents of Education, 66 C. C. A. 174, 113 Fed. 24.

Respondent cited:  Sec. 908, Rev. Code; Mettels et al v. Gales et al, 12 S. D. 632; 11 Am. & Eng. Enc. Law, p. 582; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Lewis v. Railroad Co., 5 S. D. 148, 58 N. W. 580; Strunk v. Smith, 8 S. D. 407, 66 N. W. 926; Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071; Washabaugh v. Hall, 4 S. D. 168, 56 N. W. 82; Share v. Coats, 29 S. D. 603, 137 N. W. 402.

POLLEY, J.  This action is brought to recover on a promissory note. Defendants, by a pleading entitled "Answer and Counterclaim," admitted the execution and delivery of the note; that demand for payment had been made and refused; and denied that they were indebted to plaintiff on said note in any sum whatever. By way of affirmative defense, defendants alleged that some 30 days prior to maturity of said promissory note plaintiff and defendants entered into an agreement whereby plaintiff agreed with defendants that, if they would pay him the interest due at the maturity of the note, and also on or before the maturity of said note procure a person (who was) financially responsible to sign said note with defendants and obligate himself to pay the same, he (plaintiff) would extend the payment of said note for a period of one year from and after the date of its maturity; that, pursuant to and relying on plaintiff's said promise and agreement, defendants did, on the maturity of said note, tender to plaintiff the interest then due; that they found and presented to plaintiff a person who was financially responsible, who offered to sign, and is still ready and willing to sign, said note and become responsible for the payment thereof. They also allege that they are now (at the time of preparing their answer) ready, willing, and able to pay the interest due at the maturity of the note and the interest one year in advance. Defendants then allege that they expended in time and money the sum of $350 in procuring a year's advance interest and in finding and presenting the said financially responsible person to sign said note.

For a counterclaim defendants allege that on the date of the

maturity of the said note plaintiff commenced an action thereon wherein he applied to the court for the appointment of a reeciver; that the application for a receiver was denied by the court, and said action was dismissed; that said application was begun maliciously and without probable cause and for the purpose of harassing and annoying the defendants in their business and putting them to the time and expense of defending said action whereby they were damaged in the sum of $500, for which amount they demanded judgment on their counterclaim.

Plaintiff moved to strike out this answer on the ground that it was a sham and irrelevant answer, interposed for the sole purpose of delay, and moved for judgment as prayed for in the complaint. On hearing by the court, this motion was granted. The answer was stricken out, and judgment entered for plaintiff for the amount of the note and interest and the costs of the action. From this judgment defendants appeal to this court.

The defendants' defense is based wholly upon the alleged agreement by the respondent to extend the time of the payment of the note sued upon for the period of one year. Respondent denies that such an agreement was in fact made by him and contends that such agreement, if made, was of no binding effect, because it was not made in writing. Section 908, Revised Code, provides that:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

Appellants do not contend that the said agreement was in writing, but do contend that on their part it was a fully executed oral agreement. The facts alleged in appellants' answer do not warrant this assumption. The alleged agreement by respondent was only a conditional promise, at most; the conditions being that appellants should pay the interest then due, pay a year's interest in advance, and secure a responsible signer on the note. They alleged that they tendered the interest then due and procured a responsible party to sign the note, but they did not evince their good faith by making a deposit of said interest and keeping such tender good; and they do not claim to have tendered the year's interest in advance at all. Assuming that the respondent made the promise as alleged, the conditions on which the said promise was made were never performed by appellants, and respondent was under no obligation to carry out the terms thereof.

[1]    Appellants' counterclaim is based solely upon an attempt by respondent to have a receiver appointed to take over appellants' assets and apply the same on the payment of the note. If the facts alleged constitute a cause of action at all, it is based upon a tort, and cannot be pleaded as a counterclaim in an action based on a contract. Hoeven v. Morley, 36 S. D. 421, 155 N. W. 191.

[2]    In our opinion the trial court was fully warranted in finding that the defense was interposed for delay only, and that respondent was entitled to judgment on the pleadings.

The judgment appealed from is affirmed.

SMITH, J. (dissenting). I regret that I am unable to concur in the conclusion reached by my associates in this case. I agree that the answer in abatement of the action is defective and demurrable. Appellant, however, attempted to plead an extension of the time of payment of the note sued on, but failed to state facts legally sufficient. This renders the answer demurrable, but defendant still had the right to amend his answer if the facts warranted it. The striking out of the answer and entry of judgment deprived him of that right, and I think was error. I am of the view that the oral agreement or extension of time of payment of a promissory note made upon a sufficient consideration after the execution of the note is not invalid under section 908, Revised Code. Such an agreement does not change the terms of the note. The note matures regardless of the oral agreement, but the right to enforce payment at maturity is suspended until the time of extension has expired. An agreement to pay a year's interest in advance upon the note and to furnish a responsible guarantor would constitute a sufficient consideration for an extension if complied with, and we cannot say that appellant may not amend his answer to plead and may not be able to prove such an extension. A merely defective statement of such a defense does not constitute a sham answer. A pleading is not sham merely because legally insufficient or demurrable for insufficiency, nor because insufficiently setting forth a valid claim or defense, nor because of the omission of material facts. Nichols v. Jones, 6 How. Prac. (N. Y.) 355; Kelly v. Ernest, 26 App. Div. 90, 49 N. Y. Supp. 896; Jackson Sharp Co. v. Holland, 14 Fla. 384; Clark v. Jeffersonville, M. & I. R. Co., 44 Ind. 248.

Most of the decisions lay down the broad rule that the motion does not lie to determine whether a cause of action or defense is stated, since such a motion is not usually regarded as a substitute for a demurrer. Burns v. Scooffy, 98 Cal. 271, 33 Pac. 86; Bemis v. Homer, 145 Ill. 567, 33 N. E. 869; McCoy v. Stockman, 146 Ind. 668, 46 N. E. 21; Jackson v. Steamboat Rock, etc., School District (Iowa), 77 N. W. 860; Armstead v. Neptune, 56 Kan. 750, 44 Pac. 998; Gjerstadengen v. Hartzell, 8 N. D. 424; 79 N. W. 872; First National Bank of Pond Creek v. Cochrane, 17 Okl. 538, 87 Pac. 855; Wilkeson Coal & Coke Co. v. Driver, 9 Wash. 177, 37 Pac. 307; Hanson Co. v. Collier, 119 App. Div. 794, 104 N. Y. Supp. 787; Wefel v. Stillman, 151 Ala. 249, 44 South. 203; Owensborough Wagon Co. v. Hall, 143 Ala. 177, 42 South. 113.

In Consolidated Coal Co. v. Peers, 166 Ill. 361, 45 N. E. 1105, 38 L. R. A. 624, the court said:

"To substitute a motion to strike a pleading from the files in place of a demurrer to such pleading is to abrogate the rules of common law pertaining to pleading and practice, and to introduce a new and dangerous rule of procedure, and one that would tend to deprive parties litigant of the statutory right of amendment."

Note—Reported in 191 N. W. 450. See American Key-Numbered Digest, (1) Set-off and Counterclaim, Key-No 34(2), Recoupment, 34 Cyc. 708, 24 R. C. L. 826; (2) Pleading, Key-No. 359, 31 Cyc. 624-625.